(LOCAL LAW.　CHANCERY.)

## CROCKET v. LEE.

## SAME v. SAME.

A question on the validity of a certificate for a settlement right in Kentucky, and of the entry thereof in the surveyor's office.

It is a settled rule, that the decree must conform to the allegations in the pleadings, as well as to the proofs in the cause.

Therefore, when the question is on the validity of a location, and neither its vagueness nor its certainty are distinctly put in issue by the pleadings, the testimony to that point will be disregarded by this Court; but if the merits appear to justify it, the cause will be remanded to the Court below, with directions to permit the pleadings to be amended.

APPEAL from the Circuit Court of Kentucky.

These causes were argued by Mr *Sheffey*,[a] for the appellant, and by Mr. *Clay*,[b] for the respondent.

Mr. Chief Justice MARSHALL delivered the opinion of the Court.

These causes relate to the same title, and depend on the same question. It is the validity of a certificate for a settlement right granted to Angus Cameron, and of the entry thereof in the surveyor's office.

The certificate is in these words :

" Angus Cameron this day claimed a settlement and pre-emption in the District of Kentucky, on account of residing in the country twelve months before the year 1778, lying at the head right hand fork of Welles' branch, extending south east to the head of a small run that empties into the north fork of Licking, including the spring on the head of both branches, about one and a half miles above the war path that crosses the north fork. Satisfactory proof being made to the Court, they are of opinion that the said Cameron has a right to a settlement of 400 acres of land, to include the above location, and the pre-emption of 1000 acres adjoining, and that a certificate issue accordingly."

a Who cited Bodley, v. Taylor, 5 *Cranch*, 229. 6 *Cranch*. 148. 3 *Cranch*, 239. 2 *Wheat. Rep.* 144. 2 *Bibb*, 144. 1 *Bibb*, 72. 1 *Wheat. Rep.* 141. 1 *Wheat. Rep.* 130. 3 *Bibb*, 623. 5 *Wheat. Rep.* 116. 6 *Wheat. Rep.* 119. 1 *Bibb*, 228.

b Who cited 1 *Bibb*, 10. 46. 34. 129. 136. 2 *Bibb*, 109. 114. 259. 476. 479. *Hardie*, 411. 1 *Marsh. Kent. Rep.* 281. *Print. Dec.* 95. 3 *Bibb*, 148, 149. *Wheat. Dig. Dec. tit. Local Law.* XI.

The entry in the surveyor's office conforms to the location expressed in the certificate.

The right of Cameron, both to his settlement and pre-emption, was regularly conveyed to the appellant, in whose name patents have been obtained.

The appellee claims under junior entries, for which patents have been issued, younger than the appellant's patent on the pre-emption warrant, but elder than his patent on the settlement right. The appellant, therefore, filed his bill to obtain a conveyance for the land covered by his settlement right, the legal title to which was in the appellee ; and the appellee filed his bill to obtain a conveyance for the land covered by the appellant's patent on the pre-emption right, to which he claimed the equitable title.

Pending the controversy, Lee purchased in the right of a person claiming under a patent older than either of those under which Crocket claimed ; but as this patent was founded on a junior entry, the validity of Cameron's certificate, was still the question on which the whole case depended.

In the Circuit Court, Crocket's bill was dismissed ; and, in the other suit, he was decreed to convey to Lee the land contained in his patent for Cameron's settlement right. The decrees were founded entirely on the opinion that Cameron's location was too vague to be supported. In the Circuit Court, the cause turned almost entirely on this point, and the greater part of the testimony is taken with a view to it. If the validity of Cameron's location be sustained, Crocket must succeed, because his right is prior in time, and superior in dignity, to any title conflicting

with it.  If Cameron's entry be invalid. then the de-
crees are right, either because Young's entry is good,
or because the legal title was in Lee, when they
were made.

The testimony which has been taken in these
causes, certainly is very strong in support of the de-
crees of the Circuit Court ; but the counsel for the
appellant contends that so much of this testimony as
respects the vagueness of Cameron's location must
be disregarded, because neither its vagueness nor its
certainty has been put in issue. Lee has not averred
in his bill, nor alleged in his answer, that this loca-
tion is vague, nor has he any where, or in any man-
ner, questioned its validity.

The principle advanced by the appellant's coun-
sel cannot be controverted.  No rule is better set-
tled than that the decree must conform to the alle-
gations, as well as to the proofs in the cause.  The
location being set out in the pleadings, the Court
can undoubtedly notice any intrinsic apparent de-
fect.  If it be void in itself, no testimony can sus-
tain it, and it would be deemed void on a demurrer
to the bill.  But if it be not void in itself, if its va-
lidity depends upon facts to be proved in the cause,
then its validity ought to be put in issue.

The counsel for the appellee does not directly con-
trovert this principle, but endeavours to withdraw his
case from its operation, by contending that terms are
used in the pleadings which are equivalent to a direct
allegation that Cameron's location is too vague to be
sustained.

If in this he is correct, the consequence he draws

from it will be admitted ; for it will certainly be sufficient, if the matter to be proved be substantially alleged in the proceedings.    How, then, is the fact ?

In his answer to Crocket's bill, he says that he does not " admit that the survey has been made agreeable to location or to law."

This allegation certainly questions the survey.    If it vary from the entry, if it be chargeable with any fatal irregularity, if it be in any respect contrary to law, such defects may be shown, and the party may avail himself of it to the extent justified by his testimony, and by the law.    But this allegation is confined to the survey.    It does not mount up to the location, nor does it draw that into question.    It gives no notice to Crocket, that his entry was to be controverted.

The bill filed by Lee, is equally defective in this respect.    After setting out his own title, he states that of his adversary ; and, after reciting the certificate granted to Cameron, subjoins that Crocket claimed the land " in dispute by virtue of the said improvement, and having caused the same to be surveyed contrary to location, and to law, and was to interfere with" his (Lee's) claims, had obtained a prior patent, &c.

This allegation, like that in the answer, draws into question only the survey.    It does not controvert the location or entry.

The counsel for the appellant says it would be monstrous, if, after the parties have gone to trial on the validity of the entry, and have directed all their

testimony in the Circuit Court to that point, their rights should be made to depend in the appellate Court on a mere defect in the pleadings, which had entirely escaped their observation in the Court where it might have been amended, and the non-existence of which would not have varied the case.

The hardships of a particular case would not justify this tribunal in prostrating the fundamental rules of a Court of Chancery; rules which have been established for ages, on the soundest and clearest principles of general utility. If the pleadings in the cause were to give no notice to the parties or to the Court of the material facts on which the right asserted was to depend, no notice of the points to which the testimony was to be directed, and to which it was to be limited; if a new case might be made out in proof, differing from that stated in the pleadings, all will perceive the confusion and uncertainty which would attend legal proceedings, and the injustice which must frequently take place. The rule that the decree must conform to the allegations, as well as to the proofs of the parties, is not only one which justice requires, but one which necessity imposes on Courts. We cannot dispense with it in this case. But although the entry is not put in issue, the survey is; and if that be made on ground not covered by any part of the entry, the decrees would, on that account, be affirmed.

It must at once occur that in a case where the entry is in reality attended with much uncertainty, there will be some difficulty in showing how much a

survey varies from it, unless the survey be made on land entirely different from the entry. That does not appear to be the fact in the present case. Cameron's entry calls for the head right hand fork of Welles' branch, for the head of a small run that empties into the north fork, and to lie about one and a half miles above the war path that crosses the north fork. The survey is upon the head waters of these streams, and lies a small distance above the war path that crosses the north fork. There is reason to believe, that, were the location to be sustained, the survey would be found to conform to it in part, though not perhaps entirely. This Court has no means of ascertaining how far they agree, and how far they disagree, and the decrees of the Circuit Court must be reversed.

But as this reversal is not on the merits of the case, and the Court is rather inclined to the opinion that the decrees on the merits are right, no final decree will be directed in either cause, but each will be remanded to the Circuit Court, with directions to permit the parties to amend their pleadings.

ANDREW CROCKET, Appellant,
v.
HENRY LEE, Respondent.

DECREE. This cause came on to be heard on the bill, &c. and was argued by counsel; on consideration whereof, this Court is of opinion that the decree dismissing the plaintiff's bill was erroneous, in this, that the plaintiff is shown to possess the prior and better equitable title, unless his location, which is the

foundation to that title be void for want of certainty, a point not properly examinable under the pleadings in the cause, as they now stand, because it is not put in issue. This Court doth therefore reverse the said decree, and doth remand the cause to the Circuit Court, that the parties may be permitted to amend their pleadings, and that farther proceedings may be had therein, according to law.

SAME
v.
SAME.

DECREE. This cause came on to be heard on the bill, &c. and was argued by counsel ; on consideration whereof, this Court is of opinion that the decree directing the defendant to convey to the plaintiff the land therein mentioned, is erroneous in this, that the defendant is shown to possess the prior and better equitable title; unless his location, which is the foundation of that title, be void for want of certainty, a point not properly examinable under the pleadings in the cause, as they now stand, because it is not put in issue. This Court doth therefore reverse the said decree, and doth remand the cause to the Circuit Court, that the parties may be permitted to amend their pleadings, and that farther proceedings may be had therein, according to law.