Jewett, C. J.
 

 It is in general true that no proofs can oe offered of facts nor put in issue by the bill; nor can relief be granted for matters not charged, although they may be apparent from other parts of the pleadings and evidence; and therefore particular care must be taken to put in issue in the bill, whatever is intended to be proved by the complainant in the cause, otherwise he will not be permitted to give it in evidence ; for the court pronounces the decree
 
 secundum, allegata et prohata.
 
 The reason of this rule is, that the adverse party may be apprized against what suggestions he is to prepare his defence.
 
 (Cooper’s Pl.
 
 7;
 
 Welford’s Pl.
 
 85;
 
 Smith
 
 v.
 
 Clark,
 
 12
 
 Ves.
 
 481;
 
 Crocket
 
 v.
 
 Lee,
 
 7
 
 Wheat.
 
 522;
 
 Lyon
 
 v.
 
 Tallmadge,
 
 14
 
 John.
 
 516;
 
 Consequa
 
 v.
 
 Fanning,
 
 3
 
 John. Ch. 587; James
 
 v. McKennon, 6
 
 John. R.
 
 563.) Kent, Ch. J. in the last case cited, remarks that the general rule is that no interrogatories can be put that do not arise from some fact charged in
 
 *362
 
 the issue; that the good sense of pleading and the language of the books both require, that every material allegation should be put in issue by the pleadings, so that the'‘parties may be duly apprized of the essential inquiry and may be enabled to collect testimony and frame interrogatories in order to meet the ques tion. Without the observance of this rule, the use of pleading becomes lost, and parties may be taken at the hearing by surprise. In
 
 Lyon
 
 v.
 
 Tallmadge,
 
 Judge Spencer said that it was an incontrovertible rule in the court of chancery, that no interrogatories can be put to witnesses that do not arise from some fact charged and put in issue. This was the rule unanimously adopted by the court in the case of
 
 James
 
 v.
 
 McKennon,
 
 and it is a rule so necessary and just, to prevent surprise upon either party, as not to stand in need of any argument to enforce or elucidate it. In
 
 Imham
 
 v.
 
 Child
 
 (1
 
 Bro. C. C,
 
 94), Lord Thurlow would not listen to any evidence that went to prove a deed fraudulent, because there was no allegation of fraud in the bill. In
 
 Crocket
 
 v.
 
 Lee,
 
 Marshall. Ch. J. said that no rule was better settled than that the decree must conform to the
 
 allegations,
 
 as well as to the
 
 proofs
 
 in the cause, that the hardships of a particular case would not justify that tribunal in prostrating the fundamental rules of a court of chancery ; rules which have been established for ages on the soundest and clearest principles of general utility. If the pleadings in the cause were to give no notice to the parties or to the court of the material facts on which the right asserted was to depend ; no notice of the points to which the testimony was to be directed, and to which it was to be limited; if a new case might be made out in proof, differing from that stated in the pleadings; all will perceive the confusion and uncertainty which would attend legal proceedings, and the injustice which must frequently take place. The rule that the decree must conform
 
 to
 
 the allegations of the parties, is not only one which justice ‘requires but -one which necessity imposes on courts. Now it has been seen that the bill did not attempt to put in issue any breach of the condition of the bond and mortgage, in reference to the support of Martha Ferguson for any other time than du
 
 *363
 
 ring the year next preceding the filing of it; and if there was any evidence taken before the examiner on which the vice chancellor made the decree of the 14th of February, 1844, oi the 28th of May, 1845, which looked to a breach of such condition for any subsequent period, it should not have been taken into consideration, although not objected to; for the counsel might well have presumed that such testimony would be deemed-irrelevant and immaterial.
 
 (James
 
 v.
 
 McKennon,
 
 6
 
 John.
 
 564.)
 

 That part of the first decree of the vice chancellor which adjudges that there was a breach of the condition of the bond and mortgage in respect to the support and maintenance of Martha Ferguson does not specify or define for what time such breach had been committed, whether for the time, or any portion of the time alleged in the bill; but generally, that the defendants had not nor had either of them supported and maintained said.Martha according to the true intent and meaning of the condition of the said mortgage and the bond accompanying the same; nor is that part of the decree directing a reference to a master to ascertain and report the value of that portion of the support and maintenance of said Martha, which was not furnished to her, any more explicit in respect to the period of time within' which the inquiry was to be limited. The decree upon this point is at least uncertain and equivocal. It should have decreed a breach during the year next before filing of the bill, in conformity to the allegation in the bill, and the evidence given applicable to that time, and a reference to ascertain the damr ages or sum due to repair such breach. If it is to be understood as decreeing a breach of the condition of the bond and mortgage subsequent to the time of filing the bill, in my opinion it is clearly erroneous. But if not, then the exception to the master’s report, so far as it went to the charging of the defendants with the value of the support of the said Martha after the time of filing the bill to her death, is well taken and should have been allowed.
 

 It is, however, contended on the part of the cpmplainant, that damages which accrue after the commencement of the suit, in mortgaged cases, are always recoverable;, and it'has been said that if there was any breach of the condition of the
 
 *364
 
 bond and mortgage, 'the penalty of the bond and the estate mortgaged became forfeited, and that it was for the défendants to show that the whole estate should not be.sold. But it is not true that the penalty, as such, can be recovered. The party is only entitled, in equity, to such damages, less than the penalty, as he has sustained by the breach; and although the estate at law is forfeited by the breach, the mortgagor or his assigns is entitled to redeem by payment of such damages, at any time before his equity of redemption is foreclosed. The provisions of
 
 2 R. S.
 
 191,
 
 article
 
 6,
 
 ch.
 
 1,
 
 part
 
 3, only apply to the foreclosure of mortgages executed to secure the payment of money by instalments, and cannot, upon any principle, be applied to mortgages conditioned for the performance of covenants or other thing than the payment of money. In such cases, breaches must be alleged, and if denied, established by evidence, extrinsic to the bond and mortgage and lapse of time; for while in the one case a debt is acknowledged to exist by the execution of the bond and mortgage, to be paid absolutely at a future day, in the other there is no present debt, and will not be at any future day if the obligor performs his covenant or the condition of his bond, and the presumption is, that he will not suffer any breach of it.
 

 I am of opinion that both the decrees should be reversed, and ■ that a decree should be entered, declaring that Martha Fergu son was not supported according to the condition of the bond, from November, 1832, to the time of filing the bill, and providing for a reference to, ascertain the amount due for that period. The decree should also contain a provision that the. complainant have leave to file a new bill to obtain compensation for breaches subsequent to the filing of the bill, or to file an assignment of such new breaches, and, on serving copies -thereof on the defendants with proper notice, to go before a referee and establish the same on the footing of the decree in this cause.
 

 Ordered accordingly.
 

 Cady, J.
 

 delivered an opinion in favor of affirming the decrees, and Ruggles, J. and Hoyt, J. were also of that opinion.