Mr. Justice MILLER
delivered the opinion of the court:
It is the first claim as set forth which defendants charge to be invalid for want of novelty, and in this we think they are sustained by the testimony.
Indeed it may be doubted if the making of the case which mcloses the internal works of the lock, with two faces just alike, and so well finished off in point of style that either side may be presented outwards, is a matter which could be *163 patented, if no locks with such cases had ever been made before. But we are not called on to decide this point, and therefore pass it without further comment.
Several locks were produced on the trial below, and were shown to us here — being made exhibits by the record — which we are satisfied are the same in principle as the double faces of the Sherwood lock. Two of these locks are from the gates of the New York City Hall. They are cased both sides alike, inclosing the internal works completely, and are so finished that one side may be presented outward as well as the other, and the locks can be applied to a door swinging from right to left, or from left to right. Locks from the City Hospitals having the double-faced case, both sides alike, have also been produced, and one from the entrance gate of St. Mark’s Church. A lock from the Custom House is shown, which has the double-faced case, both sides alike, and which by being turned laterally, can be used for a door opening either to the right or left, without even turning the keyhole upside down. These locks are all proven to have been in use several years before Sherwood set up any claim to his invention. They are taken from the most public places in the great commercial city of the Union. These facts are incompatible with the claim of novelty on the part of Sherwood, for this part of his patent.
As to the two remaining claims in the schedule accompanying the patent, it appears clearly that they were never infringed by defendants. In fact no locks were ever made with the particular internal arrangements as to bolts, latches, &c., specified in Sherwood’s patent, except one or two by Sherwood.
Very shortly after he obtained his patent, one Calvin Adams made an improvement upon it, which entirely superseded the use of the specific internal arrangement claimed by Sherwood in his invention. Combining this improvement with the double-faced case of Sherwood, Adams made a lock which has ever since been known as the Janus-faced lock, and which is the lock manufactured by complainants, of whom Mr, Adams is one.
*164 It is not shown by any proof in the case, that defendants ever used any part of Sherwood’s patent, except the double-faced casing. Nor is it seriously claimed in argument that they did. But it is urged that this double-faced case, when used in connection with a latch or bolt and keeper, susceptible of such an arrangement that it may be placed upon a door opening either to the right or left, constitutes a unit, and the real invention of Sherwood, which is infringed by the defendants.
This mode of viewing the matter cannot be admitted. Sherwood claims that he is the inventor of three distinct parts going to make up his lock, which thus made up answers a certain purpose, namely, a lock capable of being applied indifferently to a door opening from the right or left. Two of these claims have been long since superseded by other improvements, and abandoned by everybody, and have never been used by the defendants. The other claim which they have used is found to be invalid for want of novelty. What is left of the Sherwood patent ? It is clear that no part of the patent which is valid has been used by defendants, and they cannot be made infringers by an argument that mingles the valid and invalid parts of a patent, and calls it a unit; and then claims that defendants are infringers because they have used one part of this unit, although it was a part as to which the patent is void.
It therefore appears that, in point of fact, the defendants have not infringed the Sherwood patent, and if we were unembamissed by the pleadings, we should dismiss the bill with costs.
But the defendants have admitted in their answer, that they did make locks as described in Sherwood’s patent, and when they afterwards asked leave of the court to retract that admission and deny the infringement, the court refused such permission. This request was made after the issue was made up, after much testimony had been taken, and its object was to deny a fact previously admitted under oath. It was a matter in the discretion of the Circuit Court, and we are not disposed to review its action on that subject heré. *165 under these circumstances, if indeed it can be done under any.
An effort has been made by counsel to show that this admission has been waived, by the act of plaintiffs, in going into the proofs, and otherwise treating it as an open question. But this would violate a principle of universal application, both in proceedings at common law and in chancexy, to wit, that the proofs must correspond with the allegations. It would be subversive of all sound practice, and tend largely to defeat the ends of justice, if the court should refuse to accept a fact as settled, which is distinctly alleged in the bill, and admitted in the answer.*
The fact that the defendants did manufacture and sell locks of the chai’aeter of those patented by Sherwood, must be accepted as established in this case by the pleadings. The admission, however, need go no further than its terms necessarily imply. The language of the admission is satisfied, by assuming that the smallest number of locks were made, consistent with the use of that word in the plural, and with the use by defendants of any part of the patent which is valid.
The Circuit Court, by its decree, ordered an injunction, restraining defendants from making, using, and vending said invention, or any part thereof, mentioned in said patent; and the payment by defendants to plaintiffs of $13,282.92 profits made by them.
The result of the views we have expressed is, that this decree must be reversed, and the injunction modified so as to restrain the defendants from using any part of the Sherwood patent, except that embraced in the first claim of invention mentioned in the schedule attached to said patent, and a decree rendered for a nominal sum of one dollar for profits.
The appellants in this court must, recover their costs.
Decree accordingly.

 Crocket v. Lee, 7 Wheaton, 522.