LEWIS S. SAMUELS, RESPONDENT, *v.* THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, APPELLANT.

*Surety company — agreement to sign a bond as surety and a subsequent withdrawal therefrom — measure of damages — public policy as to having paid sureties upon bonds given to the government.*

The defendant, a surety company, having entered into an agreement in consideration of the yearly payment of $200, to become surety for the plaintiff in connection with one Ripley on a government contract, executed, in conjunction with Ripley, the bond of suretyship, which was submitted to the postmaster in New York, who certified the sureties to be good and sufficient, and was then sent to Washington. Before the postmaster-general had passed upon the sufficiency of the bond, the defendant wrote to the plaintiff, informing him that it had decided to withdraw from the bond, and that it had written to the department at Washington to be relieved from the guaranty. The department, upon receiving the letter from the defendant, returned the bond, and the plaintiff thereupon proceeded to procure new sureties upon his bond, which he finally succeeded in obtaining upon the payment of the sum of $3,000.

This action was brought to recover the damage thus sustained.

*Held,* that the plaintiff was entitled to recover the same.

That a claim, upon the part of the defendant, that the procuring of sureties upon a bond given to secure the performance of a contract with the United States government. by the payment of money, was against public policy, could not be sustained.

That the attempted withdrawal of the defendant from its contract was a breach thereof and that the plaintiff was entitled to recover as damages the expense to which he was put in supplying the new bond.

That the fact that the defendant was but one of the sureties did not alter the rule of damages.

APPEAL by the defendant from a judgment entered upon the verdict of a jury, and from an order denying a motion for a new trial.

*T. S. Moore,* for the appellant.

*D. P. Hayes* and *S. Greenbaum,* for the respondent.

VAN BRUNT, P. J. :

This action was brought to recover damages arising out of the breach of a contract, entered into between the plaintiff and the defendant, in which the defendant, in consideration of the payment of $200, on or about the 14th of May, 1885, agreed to become surety for the plaintiff, in conjunction with one Horace Ripley, in the sum of $20,000, on a government contract which the plaintiff had for the furnishing of jute canvass mail bags for the use of the post-office department for and during the term of four years. The plaintiff entered into the contract with the government, and by the rules of the department a person entering into such contract must furnish a bond within a certain period of time after the receipt of the contract for execution. Pursuant to this requirement the plaintiff applied to the defendant to become one of his sureties, and entered into an agreement with the defendant for the payment of the sum of $200 yearly, to the defendant, as a premium or charge for going upon said bond, and paid the defendant the first premium of $200, and the defendant executed, in conjunction with Horace Ripley and the plaintiff, the requisite bond. This bond had been submitted to Mr. Pearson, the postmaster of New York, who certified the sureties to be good and sufficient, and it was then sent to Washington. Before the postmaster-general had passed upon the sufficiency of the bond, the defendant addressed a letter to the plaintiff informing him that it had decided to withdraw from the bond, not from anything personal to himself, but because it was its rule never to issue a bond of this kind, unless it had security which could be converted into cash at any time in case of default, and as the security given was not of that class, they had written to the department at Washington to relieve them from the guarantee.

To this letter the plaintiff sent a reply that the contract was complete and the money had been paid, and that he did not admit their right to withdraw from the contract. Upon the department

receiving the letter from the defendant, desiring to be relieved from the bond, the bond was returned and the question as to the sufficiency of the bond was not passed upon or determined. The plaintiff thereupon proceeded to procure new sureties upon his bond, and he finally succeeded in obtaining new sureties upon the payment of some $3,000, together with certain expenses he had incurred.

This action was brought to recover the amount of these damages, and they were assessed by the jury at the sum of $2,227.54 and interest, the jury having been instructed that if, under the circumstances, the sum which the plaintiff was required to pay in order to get new sureties, was a fair and reasonable charge that he was entitled to recover therefor. Amongst other points which the defendant made upon the trial of this case, was that the payment of money to sureties upon a bond given to secure the performance of a contract with the United States government is against public policy, and the plaintiff cannot recover for money so paid. This seems to be a remarkable proposition in view of the business which the defendant claims to be carrying on. It charges a premium for becoming a surety, and when it is sought to be charged where it has entered into such a contract of suretyship, it claims that the payment of money to it was a breach of public policy, and the party cannot recover damages by reason of the breach of its contract. It may be that the proposition is not couched in these exact words, but the legal result is necessarily the same. The very business of the defendant itself is embraced within the proposition which it is sought to have the court pronounce to be illegal.

We have before us, upon the conceded facts, the breach of a contract, and the ground upon which this breach was justified in the correspondence is the existence of a fact which the defendant well knew when it entered into the contract, viz., that it was violating its own rules, and because of that fact the claim seems to be advanced that it is not liable for damages and had a right to withdraw from this contract. Certainly no such defense could avail an individual who had entered into a contract of this character, and it is difficult to see how this corporation can escape.

The claim which it sought to infuse into the case at the trial is, that it was fearful that the department would reject the bond and that it did not like to have the odium cast upon the corporation of

having one of its bonds rejected by the government. It may be that this was the true reason, but it was certainly not the one which was stated to the plaintiff at the time at which it proposed to violate its contract, or, on the other hand, it stated the true reason to the plaintiff and endeavored to deceive the court upon the trial.

It is apparent, from the interrogatories which were propounded to the government officials examined as witnesses for the defendant, that the reason of the withdrawal was the fear of rejection and not that they had deliberately violated their own rules in entering into the contract with the plaintiff as stated in the letter to him. Whether the government would accept or not is immaterial. That condition of affairs had been anticipated by the contract. If their bond was rejected that ended the contract, but until it was rejected they had no power of withdrawal, because the contract having been entered into and partially performed, could not be determined except upon completion. The attempted withdrawal of the defendant from its contract was a breach thereof, and the plaintiff was entitled to recover as damages the expenses to which he was put in supplying the new bond.

The fact that the defendant was but one of the sureties does not alter the rule of damages. It became necessary, in consequence of its withdrawal, that a wholly new bond should be procured and the direct result of the breach was the expense which the plaintiff was put to in procuring the new bond. It seems to us, therefore, that the learned court was correct in holding the defendant liable for the damages sustained by the deliberate breach of its obligation, and the jury having found the disbursements made by the plaintiff to be fair and reasonable, the defendant cannot complain of being called upon to repair the damage which it deliberately did.

The judgment and order should, therefore, be affirmed, with costs.

Brady and Daniels, JJ., concurred.

Judgment and order affirmed, with costs.