Lewis S. Samuel, Respondent, v. The Fidelity and Casualty Company of New York, Appellant.

*Judgment — when a bar to a subsequent action.*

There can be but one recovery for an injury from a single wrong, however numerous the items of damage may be, and but one action for a single breach of contract.

Whether a judgment in a former action is or is not a bar to a subsequent action, depends upon whether the claims set up in the two actions constitute a single and indivisible demand, or two separate and independent causes of action.

Appeal by the defendant, The Fidelity and Casualty Company of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 20th day of November, 1893, upon the verdict of a jury for $1,390, directed by the court on a trial at the New York Circuit.

*Thomas S. Moore,* for the appellant.

*Raphael J. Moses,* for the respondent.

O'Brien, J.:

The facts relating to this action are fully set forth in *Samuels* v. *Fidelity & Casualty Co.* (49 Hun, 122), which was a case between these same parties wherein the plaintiff recovered a judgment which is now pleaded as a bar in this action. That, as well as this action, was brought to recover damages for breach of a contract resulting from defendant's wrongful withdrawal from a bond as surety for plaintiff. A recovery in the first action was had, and sustained at both the General Term and the Court of Appeals.

It appears that upon the former trial the plaintiff sought to recover $1,000 which he was contingently liable to pay to a surety substituted for the defendant, unless within the time fixed he had given him indemnity. For the reason that he could give the indemnity, and that the court held that the plaintiff could recover only the damages actually sustained, this $1,000 agreed to be paid to the surety was excluded from the consideration of the jury. And it is to recover this $1,000 that this second action is brought, and for

which judgment against the defendant has been entered by direction of the court.

The ruling of the learned justice presiding at the first trial is not before us for review, the question here presented being whether, after a recovery in the first action and the payment of the $1,000 by plaintiff, the latter in this action could recover that amount. We think that this question is to be solved by a determination of whether the liability of the defendant was extinguished by the recovery in the first action, or, differently expressed, whether the plaintiff had more than one cause of action for the damages sustained by reason of defendant's breach of the contract.

The law as settled is thus expressed in *Perry* v. *Dickerson* (85 N. Y. 345): "There can be but one recovery for an injury from a single wrong, however numerous the items of damage may be, and but one action for a single breach of a contract." That case also furnishes the test to be applied in determining whether the judgment in the former action is or is not a bar, by the statement that it depends upon the question whether the claims set up in the two actions " constituted a single and indivisible demand within the authorities, or two separate and independent causes of action."

If there exists in favor of a party but one cause of action, no matter how many may be the items of damage, but one recovery can be had. And we fail to find any reason upon which the argument can be based, that by reason of defendant's breach more than a single cause of action accrued to plaintiff. There was but one bond, and a single breach, and by reason thereof the plaintiff was entitled to recover all the damages which he thereby sustained. If, with respect to one of the items of damage, the plaintiff saw fit to have this depend upon a contingency, and thus uncertain until the contingency happened, he was equally at liberty to wait until the amount was fixed and determined before beginning his action, or in the action that he brought he could have produced such evidence as would have permitted the jury to determine the extent of his damage. His failure, however, to do one or the other, or the ruling of the judge upon the former trial, for insufficiency of evidence, or other cause, having excluded this contingent item of damage from the jury's consideration, gave no second cause of action.

We think, in reason and upon the authorities, that the plaintiff

had but one cause of action, and that by the former judgment it was extinguished, and that he cannot now recover for additional items of damage sustained by the identical breach, whether he sets up the same items of damage as were set up in the previous action or not, or whether a recovery for such items was or was not then allowed. It is perfectly settled in this court that if a plaintiff bring an action for a part only of an entire, indivisible demand, the demand in that action is a conclusive bar to a subsequent suit for another part of the same demand. (*Guernsey* v. *Carver*, 8 Wend. 492. See, also, *Secor* v. *Sturgis*, 16 N. Y. 548.)

Our conclusion, therefore, is that the direction in this case was erroneous and that the judgment should be reversed, and as no advantage could be derived from permitting a new trial, and to enable the plaintiff, if he feels aggrieved, to take his appeal, the complaint should be dismissed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

*Judgment reversed and complaint dismissed, with costs.*