Daniel J. McCleary, Respondent, *v.* Malcom Brewing Company, Appellant.

*Action under a contract for commissions — it is not a bar to a second action thereunder for commissions subsequently earned.*

The recovery, in an action brought for commissions due, up to a certain date, under a contract by which the defendant, in consideration of the plaintiff's turning over certain customers to it, undertook to pay the plaintiff five per cent upon the amount of goods sold and paid for by such customers, does not prevent the plaintiff from thereafter bringing another action for the commissions subsequently accruing under the terms of the contract.

APPEAL by the defendant, the Malcom Brewing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 14th day of April, 1900, upon the verdict of a jury rendered by direction of the court.

*J. F. Bullwinkel*, for the appellant.

*George W. Sickels*, for the respondent.

WOODWARD, J.:

On the 1st day of May, 1898, the plaintiff and defendant entered into an agreement whereby the plaintiff was to turn over certain customers to the defendant, and thereafter the defendant was to take entire charge of said customers and of the sales to them and the collection of moneys due from them, and to pay to the plaintiff five per cent commission on all the goods, wares and merchandise of the defendant sold to such customers after said date and paid for by them. In January, 1899, the plaintiff herein brought an action against the defendant to recover the commissions due and owing to him on the sales and collections up to December 1, 1898, in which action he recovered the amount of his commissions up to the first of December. The defendant, without any new contract, continued to sell goods to the customers turned over by the plaintiff, and on the 1st day of February, 1900, the plaintiff brought the present action to recover the commissions due him from the 1st day of December, 1898, to the 31st day of January, 1900, which action resulted in the judgment appealed from. The only point urged in behalf of the appellant is that the first judgment is a bar to a recovery in the case here.

The appellant insists that the case now before us is one within the rule laid down in *Secor* v. *Sturgis* (16 N. Y. 548), and that the contract being entire, single and indivisible, arising out of one and the same act or contract, only one action could be maintained to recover upon the breach thereof. There can be no doubt that where there is a total failure to perform the covenants of a contract, as in the case of *Fish* v. *Folley* (6 Hill, 54), and where the contract is thus brought to an end, there can be but one action, in which the plaintiff has a right to recover the present value of his contract. But the rule is different in those cases

in which there is partial and not total breach of the contract. As to these it has been held that a recovery could only be had for the partial breaches that had occurred. (*Schell* v. *Plumb*, 55 N. Y. 592, 598, and authorities there cited.) In *Beach* v. *Crain* (2 N. Y. 86) Beach had covenanted to keep a certain gate, erected by Crain, in repair. There was a breach of this covenant, and Crain sued, recovering a judgment. Subsequently Crain suffered damages by reason of the gate being out of repair, and it was urged that he was barred from recovering by reason of the previous action. The court held, however, that " neglecting, at any time, to make necessary repairs to the gate, or to shut it in passing or repassing, would have been a partial breach of their covenant, and Crain could have recovered damages for any injury necessarily resulting therefrom. So, for a like neglect, damages might be recovered for injuries accruing subsequently to the former action." (See *Ferguson* v. *Ferguson*, 2 N. Y. 360.) In the case at bar the defendant, in consideration of the plaintiff turning over certain customers, undertook to pay the plaintiff five per cent upon the amount of goods sold and upon which collections were made. There was no limit of time fixed, and it may be said to have been a continuing contract. It could not have been contemplated by the parties that the plaintiff should wait until the end of an unending contract for his compensation. Whenever the defendant sold goods to any one of the customers furnished by the plaintiff, and such goods were paid for, the defendant owed the plaintiff the amount of the commissions agreed upon, and upon a refusal of the defendant to pay such commissions, we know of no reason why the plaintiff was not entitled to recover the amount then due. To say that the defendant, by compelling the plaintiff to sue for the recovery of a sum of money due him, may terminate a contract of which the defendant is receiving the benefits, or, what is equivalent, prevent the plaintiff from collecting the money falling due to him under such contract, is to permit the defendant to take advantage of his own wrong under a technical rule which has no application to such a case. In *Secor* v. *Sturgis* (*supra*), relied upon by the appellant, the court lay down the rule that " an entire claim, arising either upon a contract or from a wrong, cannot be divided and made the subject of several suits;  *  *  *  but it is entire claims only which cannot be divided within this rule, those which are single and indi-

visible in their nature. The cause of action in the different suits must be the same." That is, if the plaintiff in the present action had undertaken to divide his action, bringing suit for each separate commission making up the aggregate, a judgment in one in favor of the defendant might have been a bar to subsequent actions. The case is different, however, when he brings an action for the several commissions which are due upon a given date. That is a distinct cause of action. His first action was for the commissions due up to the 1st day of December, 1898. These commissions were not due until the goods had been sold and the collections had been made. That was all the defendant owed the plaintiff up to the time of bringing the action. There was no certainty that any of the customers would purchase and pay for any more goods. After that action the defendant did sell more goods and collect more money from the customers furnished by the plaintiff. Thereupon a new and distinct cause of action accrued to the plaintiff, and he cannot be deprived of his rights because of the neglect of the defendant to carry out its part of the contract, in so far as the payment of commissions is concerned. A suit by a servant for wages due is consistent with the continuance of the contract of employment, and of actual service thereunder (*Perry* v. *Dickerson*, 85 N. Y. 345, 350), and it would seem to be equally true that an action for commissions due is consistent with the continuance of a contract for such commissions, and that those which become due subsequently do not constitute the same cause of action. In the case of *Zimmerman* v. *Erhard* (83 N. Y. 74, 78) the court say : "The defense that another action was pending for the same cause of action is also without merit. The former case, for which a recovery had been had between the parties, was brought to recover the value of goods sold and delivered at a date prior to those for the recovery of the value of which this action is brought, and the proof showed that they were all sold upon a contract for a credit of four months. Under this state of facts each sale was separate and distinct, and a cause of action accrued when the time of credit expired and as the several amounts became due. The different sales did not constitute one entire and indivisible demand, and the plaintiffs could bring separate actions for each separate sale, or for all of them together, as they saw fit."

We are of opinion that the commissions due at any given time under the terms of the contract may be collected, and that a judgment in one such action is not a bar to recovery for commissions which become due subsequently under the same contract.

The judgment appealed from should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.