## McCLEARY v. MALCOM BREWING CO.

(Supreme Court, Appellate Division, Second Department. December 7, 1900.)

RES JUDICATA—CONTRACT—BREACH—SUBSEQUENT DEFAULT.

   Where plaintiff and defendant contracted that plaintiff should turn over to defendant certain customers, and that defendant should pay plaintiff 5 per cent. on all goods sold such customers, and plaintiff recovered a judgment for commissions due him, and no other arrangement was made, the judgment was not a bar to another suit for commissions on goods sold such customers subsequent to the judgment.

Appeal from trial term.

Action by Daniel J. McCleary against the Malcom Brewing Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

J. F. Bullwinkel, for appellant.
George W. Sickels, for respondent.

WOODWARD, J. On the 1st day of May, 1898, the plaintiff and defendant entered into an agreement whereby the plaintiff was to turn over certain customers to the defendant, and thereafter the defendant was to take entire charge of said customers, and of the sales to them and the collection of moneys due from them, and to pay to the plaintiff 5 per cent. commission on all the goods, wares, and merchandise of the defendant sold to such customers after said date, and paid for by them. In January, 1899, the plaintiff herein brought an action against the defendant to recover the commissions due and owing to him on the sales and collections up to December 1, 1898, in which action he recovered the amount of his commissions up to the 1st of December. The defendant, without any new contract, continued to sell goods to the customers turned over by the plaintiff; and on the 1st day of February, 1900, the plaintiff brought the present action to recover the commissions due him from the 1st day of December, 1898, to the 31st day of January, 1900, which action resulted in the judgment appealed from. The only point urged in

behalf of the appellant is that the first judgment is a bar to a re-
covery in the case here.

The appellant insists that the case now before us is one within
the rule laid down in Secor v. Sturgis, 16 N. Y. 548, and that the con-
tract being entire, single, and indivisible, arising out of one and the
same act or contract, only one action could be maintained to recover
upon the breach thereof.    There can be no doubt that where there
is a total failure to perform the covenants of a contract, as in the
case of Fish v. Folley, 6 Hill, 54, and where the contract is thus
brought to an end, there can be but one action, in which the plaintiff
has a right to recover the present value of his contract.    But the
rule is different in those cases in which there is partial and not total
breach of the contract.    As to these it has been held that a recovery
could only be had for the partial breaches that had occurred.    Schell
v. Plumb, 55 N. Y. 592, 598, and authorities there cited.    In Beach
v. Crain, 2 N. Y. 86, Beach had covenanted to keep a certain gate
erected by Crain in repair.    There was a breach of this covenant,
and Crain sued, recovering a judgment.    Subsequently Crain suffered
damages by reason of the gate being out of repair, and it was urged
that he was barred from recovering by reason of the previous action.
The court held, however, that:

"Neglecting at any time to make necessary repairs to the gate, or to shut
it in passing or repassing, would have been a partial breach of their covenant,
and Crain could have recovered damages for any injury necessarily resulting
therefrom.    So, for a like neglect, damages might be recovered for injuries
accruing subsequently to the former action."

See Ferguson v. Ferguson, 2 N. Y. 360.    In the case at bar the de-
fendant, in consideration of the plaintiff turning over certain custom-
ers, undertook to pay the plaintiff 5 per cent. upon the amount of
goods sold, and upon which collections were made.    There was no
limit of time fixed, and it may be said to have been a continuing con-
tract.    It could not have been contemplated by the parties that the
plaintiff should wait until the end of an unending contract for his
compensation.    Whenever the defendant sold goods to any one of
the customers furnished by the plaintiff, and such goods were paid
for, the defendant owed the plaintiff the amount of the commissions
agreed upon; and, upon a refusal of the defendant to pay such com-
missions, we know of no reason why the plaintiff was not entitled
to recover the amount then due.    To say that the defendant, by com-
pelling the plaintiff to sue for the recovery of a sum of money due
him, may terminate a contract of which the defendant is receiving
the benefits, or, what is equivalent, prevent the plaintiff from collect-
ing the money falling due to him under such contract, is to permit
the defendant to take advantage of his own wrong, under a technical
rule which has no application to such a case.    In Secor v. Sturgis,
supra, relied upon by the appellant, the court lay down the rule that:

"An entire claim, arising either upon a contract or from a wrong, cannot
be divided and made the subject of several suits;    *    *    *    but it is entire
claims only which cannot be divided within this rule,—those which are single
and indivisible in their nature.    The cause of action in the different suits
must be the same."

That is, if the plaintiff in the present action had undertaken to divide his action, bringing suit for each separate commission making up the aggregate, a judgment in one in favor of the defendant might have been a bar to subsequent actions. The case is different, however, when he brings an action for the several commissions which are due upon a given date. That is a distinct cause of action. His first action was for the commissions due up to the 1st day of December, 1898. These commissions were not due until the goods had been sold and the collections had been made. That was all the defendant owed the plaintiff up to the time of bringing the action. There was no certainty that any of the customers would purchase and pay for any more goods. After that action the defendant did sell more goods and collect more money from the customers furnished by the plaintiff. Thereupon a new and distinct cause of action accrued to the plaintiff, and he cannot be deprived of his rights because of the neglect of the defendant to carry out its part of the contract, in so far as the payment of commissions is concerned. A suit by a servant for wages due is consistent with the continuance of the contract of employment, and of actual service thereunder. Perry v. Dickerson, 85 N. Y. 345, 350. And it would seem to be equally true that an action for commissions due is consistent with the continuance of a contract for such commissions, and that those which become due subsequently do not constitute the same cause of action. In the case of Zimmerman v. Erhard, 83 N. Y. 74, 78, the court say:

"The defense that another action was pending for the same cause of action is also without merit. The former case, for which a recovery had been had between the parties, was brought to recover the value of goods sold and delivered at a date prior to those for the recovery of the value of which this action is brought; and. the proof showed that they were all sold upon a contract for a credit of four months. Under this state of facts, each sale was separate and distinct; and a cause of action accrued when the time of credit expired, and as the several amounts became due. The different sales did not constitute one entire and indivisible demand, and the plaintiffs could bring separate actions for each separate sale, or for all of them together, as they saw fit."

We are of opinion that the commissions due at any given time under the terms of the contract may be collected, and that a judgment in one such action is not a bar to recovery for commissions which become due subsequently under the same contract.

The judgment appealed from should be affirmed, with costs. All concur.