(99 App. Div. 472)

PAKAS, Appellant, v. HOLLINGSHEAD et al., Respondents. (Supreme Court, Appellate Division, First Department. December 23, 1904.) Appeal from Trial Term, New York County. Action by Solomon L. Pakas against William R. Hollingshead and another. From a judgment for defendants (86 N. Y. Supp. 560) dismissing the complaint, plaintiff appeals. Affirmed on opinion of Trial Term. Louis J. Vorhaus, for appellant. Edmund E. Wise, for respondent.

O'BRIEN, J. For the reasons given by Mr. Justice GREENBAUM in his opinion at the Trial Term (86 N. Y. Supp. 560), we think the judgment appealed from should be affirmed, with costs.

VAN BRUNT, P. J., and PATTERSON, J., concur.

LAUGHLIN, J. (dissenting). The action is brought to recover damages for breach of a contract made between the plaintiff, who was

doing business under the name of International Cycle Fittings Company, and the defendants, who are copartners doing business under the firm name of Hollingshead & Wirtz. The contract consists of a proposition in writing made by the defendants to the plaintiff under date of August 30, 1898, and accepted by him. It confirms a sale by the defendants to the plaintiff of 25,000 pairs of Hercules bicycle pedals, delivery to begin immediately at the rate of 500 pairs weekly until the 1st day of December, and after that 1,000 pairs weekly, with the privilege to the plaintiff of increasing the weekly deliveries upon 30 days' notice, and with an option to him, to be exercised on or before January 1, 1899, of purchasing 25,000 additional pairs. The terms of sale were "35c. per f. o. b. our factory, terms sight draft with documents attached." Prior to the 1st day of March, 1899, the defendants delivered only 2,608 pairs of pedals under the contract. On the 15th day of that month the plaintiff commenced an action in the City Court of the city of New York to recover his damages for their failure to deliver the other 16,892 pairs which, by the terms of the contract, were to be delivered prior to the 1st day of March. On the 10th day of January, 1900, he recovered a judgment for his damages for that breach of the contract, and it has been paid. The plaintiff duly exercised his option within the time limited therefor to take the 25,000 additional pedals. The defendants failed to make or tender any further delivery under the contract, and on the 13th day of February, 1900, this action was commenced to recover the damages sustained by the plaintiff by the breaches of the contract subsequent to the 1st day of March, 1899. The defendant pleaded the judgment in the City Court in bar, and that is the theory on which the trial court dismissed the complaint. The complaint in the City Court was clearly limited to the damages for the breach of the contract prior to the 1st day of March, 1899, and it is not contended that the plaintiff recovered in that action damages. The theory of the learned counsel for defendants is that the contract was entire, that the breach was a breach of the entire contract, and that when the plaintiff brought the former action he necessarily elected to rescind the contract. The case contains all of the evidence. We find no evidence in the record of any breach of the contract by the defendants prior to the commencement of the former action, except their failure and refusal to deliver the number of pedals, which by the terms of the contract it was their duty to deliver prior to the 1st day of March, 1899. There is evidence that in conversations between the plaintiff and the defendants subsequent to the institution of that action they manifested an intention to repudiate the entire contract; but, as we read the testimony, there is no evidence of such repudiation prior to the commencement of the action in the City Court. It does appear that prior to the action in the City Court there was a dispute between the parties "about the character of the goods to be delivered," and plaintiff testified, upon cross-examination, that when he brought the action in the City Court he knew that defendants "had refused to deliver under the contract" for five months,

and "had refused to live up to" their contract, and that such "refusal occurred" during the months of December, January, and February. If a total breach or repudiation of the contract prior to the commencement of the action in the City Court would bar the maintenance of this, the burden of showing such fact would rest upon the defendant. It may be that, upon the failure of the defendants to deliver the installments of pedals covered by the action in the City Court, the plaintiff could have elected to sue for a breach of the entire contract, and recover all his provable damages; but we are of opinion that he was not obliged to do so. He elected that the contract should remain, and, after commencing the action in the City Court, demanded performance on the part of the defendants concerning the delivery of the pedals, delivery of which fell due under the contract subsequently. If he was at liberty to, and had, elected to recover all his damages at that time, it is manifest that he might be embarrassed in making the proof; for the difference between the contract price and the market value of the pedals, if they would be purchasable in the market at the time of the first breach for delivery at the times called for by the contract, or at the times of the successive defaults in the future, would be quite involved in speculation. It might be a great hardship to the plaintiff to hold that he could not recover the damages which he had actually sustained down to a given time, when they had become fixed, and were separate and distinct from the damages he might sustain by reason of the failure of the defendant to fulfill the contract in the future. Mr. Justice Woodward, in McCleary v. Malcolm Brewing Co., 56 App. Div. 531–533, 67 N. Y. Supp. 258, well stated the injustice of the proposition as follows: "To say that the defendant, by compelling the plaintiff to sue for the recovery of a sum of money due him, may terminate a contract of which the defendant in receiving the benefits, or what is equivalent, and prevent the plaintiff from collecting the money falling due to him under such contract, is to permit the defendant to take advantage of his own wrong under a technical rule which has no application to such case." In Perry v. Dickerson et al., 85 N. Y. 345, 39 Am. Rep. 663, the Court of Appeals say: "To sustain the plea of a former judgment in bar of a second action, 't must appear that the cause of action in both suits is the same, or that some fact essential to the maintenance of the second action was in issue and determined in the first action adversely to the plaintiff. In order to establish an identity in the causes of action between the two suits, it is not necessary that the claim made in the first action embraced the same items sought to be recovered in the second. It is sufficient, to bring the second action within the estoppel of the former judgment, that the cause of action in the former suit was the same, and that the damages or right claimed in the second suit were items or parts of the same single cause of action upon which the first action was founded. The law, to prevent vexatious or oppressive litigation, forbids the splitting of one single or entire cause of action into parts, and the bringing of separate actions for each; and neither in this

way, nor by withholding proof of particular items on the trial, nor by formally withdrawing them from the consideration of the jury, can the effect of the judgment, as a complete adjudication of the entire cause of action, be defined. There can be but one recovery for injury from a single wrong, however numerous the items of damages may be, and but one action for a single breach of contract." This principle of law is well established. It is, however, often difficult to decide whether a demand is single or entire, and whether causes of action are identical. An action for wages due under a contract of employment does not necessarily terminate the contract. Perry v. Dickerson, supra. A wrongful discharge from employment under a contract, however, is considered a general breach of the contract, and the right of action for subsequent damages is not for salary or wages theoretically rendered, as by willingness and tender, but for damages for the breach, and if the action is brought before the expiration of the contract period of employment the recovery is limited to the wages that would have been earned prior to the commencement of the action. Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285; Wieland v. Willcox, 40 App. Div. 213, 57 N. Y. Supp. 1038; Waldron v. Hendrickson, 40 App. Div. 7, 57 N. Y. Supp. 561. The authorities treat the discharge as an entire breach of the contract, from which all the damages flow, and doubtless the theory of thus limiting the recovery is, although I do not see it so stated, that, since the damages are subject to reduction by the amount that should have been earned in other similar employment, they cannot be ascertained as to the future term of the employment. In other cases, where the covenant is a continuing one or the contract is not severable, an action will lie immediately after the breach in which the plaintiff may recover all past and future damages, including loss of future profits, where they would have been recoverable at all. Fish v. Folley, 6 Hill, 54; Taylor v. Bradley, 39 N. Y. 129, 100 Am. Dec. 415; Roehm v. Horst, 174 U. S. 10, 20 Sup. Ct. 780, 44 L. Ed. 953. Another rule, now quite well settled, is that, where a contract provides for the payment of money in installments, the failure to pay an installment when due may not be regarded as a total breach; but the contract to that extent is severable, and an action will lie for the installment due, and the judgment will not bar a future action for other installments. McCready v. Lindenborn, 172 N. Y. 400, 65 N. E. 208; Seed v. Johnston, 63 App. Div. 340, 71 N. Y. Supp. 579; Lorillard v. Clyde, 122 N. Y. 41, 25 N. E. 292, 19 Am. St. Rep. 470; Walsh v. New York & Kentucky Co., 88 App. Div. 477, 85 N. Y. Supp. 83. Where the contract is severable, and the actual breach is only partial, and the party guilty of the breach wholly repudiates the contract and gives notice that he will not perform in advance of the time fixed by the contract for the performance of other covenants by him, I think the tendency of the authorities is, and the equitable and just rule should be, to give the innocent party an election whether to sue for the partial breach of the contract, treating it as continuing in force, or for a total breach. Wharton Co. v. Winch, 140 N. Y. 287, 35 N. E. 589; McCleary v. Malcolm Brewing Co., supra; Mersey Steel & Iron Co., v. Naylor, Benzon & Co., L. R. 9 App. Cases, 434; Johnson v. Allen, 78 Ala. 387, 56 Am. Rep. 34; Richmond v. Dubuque & S. C. R. R. Co., 40 Iowa, 264; Mixer v. Williams, 17 Vt. 457; Frost v. Knight, L. R. 5 Exch Cases, 322, 7 Exch. Cases, 111; Blackburn v. Reilly, 47 N. J. Law, 290, 1 Atl. 27, 54 Am. Rep. 159. See, also, Zimmerman v. Erhard, 83 N. Y. 74, 38 Am. Rep. 396; Nichols v. S. S. Co., 137 N. Y. 471, 33 N. E. 561; Ming et al. v. Corbin, 142 N. Y. 334, 37 N. E. 105; Cahen v. Platt et al., 69 N. Y. 348, 25 Am. Rep. 203. If this be so, of course, it is immaterial whether this was a partial or total breach of the contract prior to the first action. I am of opinion that the recovery of the damages for the breaches of the contract prior to the last of March was not inconsistent with the continuance of the contract, and it is clear that the plaintiff did not intend thereby to terminate the contract. The plaintiff's damages for the subsequent breaches of the contract may now be determined with accuracy. At the time of the trial of the former action they could only have been determined with difficulty, and approximately at most. The plaintiff demanded performance, but, as the defendants were obliged to deliver the pedals free on board some transportation line performing the duties of a common carrier and present the bills of lading, together with drafts for the purchase price, before the plaintiff was called upon to make payment, he was neither obliged to allege or show a tender of performance. I am of opinion, therefore, that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

HATCH, J., concurs.