## PULLMAN CO. v. BULLARD.
### No. 5975.

Circuit Court of Appeals, Fifth Circuit.

Oct. 28, 1930.

Howell, Heyman & Bolding, Albert Howell, and Mark Bolding, all of Atlanta, Ga., and Jones, Jones, Johnston & Russell and Scott Russell, all of Macon, Ga., for appellant.

Edgar J. Oliver, of Savannah, Ga., and Wallace Miller, of Macon, Ga., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and SIBLEY, District Judge.

SIBLEY, District Judge.

Mrs. Bullard recovered judgment in a suit at law against the Pullman Company for personal injuries due to a fall over her suitcase which she claimed the Pullman porter had negligently set down in the dimly lighted dressing room in front of the door but concealed from her, as she entered, by the door curtains. The company appeals. The assignments of error all relate to the charge of the court.

The court refused a written request to charge thus, "While pleadings are not evidence of the facts alleged therein, they are binding upon the party who files them and any allegations therein can be relied on as an admission of the party filing such pleadings, and such admissions, if any, are evidence," and charged instead to the effect that statements of fact in pleadings are not conclusive but may evidence an admission which, while not conclusive, may be considered along with the other evidence. The main purpose of written pleadings, whether at law or in equity, is to fix the contentions of each party and make certain the issues to be tried so as to inform each litigant what the other claims, thus preventing surprise and dispensing with the preparation of evidence of what is admitted, and to inform the court so that the trial may be properly confined and directed and to show afterwards what was tried and determined. The statements of fact in a party's pleadings are merely his contentions and are not evidence for himself unless admitted by his opponent, but the opponent may rely on them as conclusive admissions so long as they are not altered or withdrawn by amendment. Even if so withdrawn the opposite party may still, by formally introducing in evidence the document containing the desired statement, use it as an admission but subject to contradiction or explanation like any other written admission. The latter is the rule also as to pleadings made in another case. The Georgia statute, Civil Code of 1910, § 5775, reads: "Without offering the same in evidence, either party may avail himself of allegations or admissions made in the pleadings of the other." And another section, 5639: "A sworn answer is subject to amendment at any time, by leave of the court, as other pleadings; but an admission made in such answer shall always be evidence, when offered by the other party." It was held in the early case of Peacock v. Terry, 9 Ga. 137: "Facts alleged positively in a bill, are constructive admissions in favor of the defendant, and need not be proven. The complainant cannot deny them, even if they are not true, but must recover according to the case he makes upon the record." And in Hampton v. Thomas, 11 Ga. at page 320: "The complainant admits in his bill that it was paid, * * * he could not aver against it; he could introduce no evidence to prove it was not paid. He is shut in to the case which he makes." When the allegations are changed by amendment, the rule is thus stated in Mims v. Jones, 135 Ga. 541, 69 S. E. 824, 826: "Where admissions are made in pleadings, and are withdrawn or stricken by amendment, they can be used by the opposite party upon the trial as evidence, with the right of the other party to explain or disprove them; but admissions in pleadings, after they are withdrawn or stricken by amendment, cannot be used as solemn admissions in judicio, so as to work an estoppel

on the party making them to deny them." The conclusiveness of an unstricken admission is illustrated in Jones v. Morehead, 1 Wall. 155, 17 L. Ed. 662, where the admission was enforced though the evidence showed it untrue, and in Northern Pacific Railroad v. Paine, 119 U. S. 561, 7 S. Ct. 323, 30 L. Ed. 513, where the only evidence of plaintiff's title was an admission in a plea which was not a good one, but was not stricken. See also Crocket v. Lee, 7 Wheat. 523, 5 L. Ed. 513. The charge and refusal to charge were therefore erroneous, in that they applied to the pleadings under which the trial was proceeding the rule which would have been proper if the admission had been proven by a stricken pleading or a pleading in another case. Nevertheless, the act of 1919, title 28 U. S. Code, § 391 (28 USCA § 391), prohibits a new trial for errors which do not affect the substantial rights of the parties. The only application claimed for the charge criticized is that Mrs. Bullard had alleged in her petition that after her injury the conductor made inquiry of her about it just before the train reached Macon, when she informed him she was badly hurt and needed attention, but none was rendered her. She testified, however, that this happened as the train was leaving Macon. No objection was made to her testimony. If medical attention was meant, since the train stopped thirty minutes at Macon, where a doctor might have been gotten, her testimony placing the request at a time after leaving Macon was favorable to the defendant. But the time and place were really unimportant. It was not alleged or contended that the defendant was under a legal duty to summon a physician, nor is the failure to do so averred as negligence. No punitive damages were claimed, nor is there any suggestion of aggravation of her hurts by delay in seeing a physician. No substantial right was impaired by the charge, and the error is not cause for a new trial.

█ Another assignment of error complains that a written request to charge was refused which directed the jury not to consider evidence that one of Mrs. Bullard's ribs was fractured, because the petition alleged only, that her ribs were bruised. The petition alleged that her ribs "were badly bruised," and again "she believes that the injuries to her ribs and kidneys are of a permanent nature and will continue to be a source of pain and discomfort during the balance of her life." No objection as for variance was made to the testimony that one rib was later shown by an X-ray to have been broken, though completely healed at the time of the examination. Had an objection been made, an amendment, in Georgia, was allowable as of right. Ga. Civ. Code 1910, § 5681. The injury to the ribs was not set up as a separate item of damage, but was only part of a general description of the injury that caused pain and suffering, for which alone damages were sought. While the purpose of pleadings requires that allegata and probata should correspond, and the judge should in general confine the case to the pleaded issues, and it may sometimes be error to fail to do so (Ga. Brewing Ass'n v. Henderson, 117 Ga. 480, 43 S. E. 698), yet where the variance is slight and curable by amendment, and the opposite party has made no objection, the variance may be treated as waived. Freeze v. White, 120 Ga. 446, 47 S. E. 928; Savannah R. R. v. Grogan, 117 Ga. 461, 43 S. E. 701; Ratteree v. Chapman, 79 Ga. 574, 4 S. E. 684. These rulings are said to be in accord with the weight of authority in 38 Cyc. 1616. In the equity appeal in Crocket v. Lee, 7 Wheat. 523, 5 L. Ed. 513, while the variance was held important, the case was sent back that the amendment might be made instead of dismissing the bill. That case, of course, was decided before the act of 1919, embodied in title 28 U. S. Code, § 391 (28 USCA § 391).

█ The court also refused a written request to charge: "A person cannot blindly walk into a place of possible danger without the exercise of proper care." The court did instruct the jury that the plaintiff was bound to exercise ordinary care for her safety, and stated the general principles of comparative negligence of force in Georgia; also, that if by the exercise of ordinary care she could have avoided the consequences of the negligence, if any, of the defendant, she could not recover, leaving it to the jury to say whether her conduct did show ordinary care. The particular language requested was objectionable because seeming to imply that the plaintiff had walked blindly and negligently, and that the dressing room, which the plaintiff was invited to enter, was to be considered a place of danger.

We find no reversible error assigned, and affirm the judgment.