## NORTHERN PACIFIC RAILROAD *v.* PAINE.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MINNESOTA.

Argued December 13, 1886. — Decided January 10, 1887.

In the courts of the United States, as legal defences only can be interposed to legal actions, a defendant who has equitable grounds for relief against a plaintiff must seek to enforce them by a separate suit in equity; and this rule prevails in States where the law and practice per-

. mits the defendant in an action at law to set up a legal as well as an equitable defence.

When, under the law and practice in a State, a denial in one clause in an answer in a suit begun in a court of the State and removed to a Federal court is held to be qualified by an admission in another, and to excuse the plaintiff from the necessity of proof of it, the same rule prevails in the Federal court.

A mere equitable claim, which a court of equity may enforce, will not sustain an action at law for the recovery of land or of anything severed from it.

The instruction requested by plaintiff was properly refused as it assumed a knowledge by plaintiff which was not proved.

The case is stated in the opinion of the court.

*Mr. W. P. Clough* for plaintiff in error.

*Mr. Eugene M. Wilson* for defendant in error. *Mr. M. F. Morris* also filed a brief for same.

Mr. JUSTICE FIELD delivered the opinion of the court.

This case was brought by Paine, the plaintiff below, against the Northern Pacific Railroad Company for taking and converting to its own use 6180 pine saw-logs, alleged to be his property, and of the value of $10,442.

The defences set up are legal and equitable, a proceeding permissible by the laws of Minnesota, in which State the action was brought. The legal defences were two : first, a denial of the ownership of the logs by the plaintiff, and of the conversion of them by the defendant, and of their value beyond $7832; second, that the logs were cut by the Knife Falls Lumber Company, a corporation of the State, with the knowledge and consent of the plaintiff, and were by that company sold and delivered to the defendant prior to the commencement of this action.

The equitable defence was substantially this : that in 1880 the defendant was the owner of the lands from which the logs in controversy were cut, and that its land commissioner, under whose charge the sales of its lands were conducted, and his clerk, conspired with the plaintiff to defraud the company by procuring a sale of the lands to be made, nominally to him,

but really for the benefit of the three, at a price representing only a small fraction of the actual value of the property; that, in execution of this fraudulent purpose, the land commissioner made out a contract of sale, in the form commonly used by the company, promising for the price named to convey the lands to the plaintiff; and that the company, upon receiving in its preferred stock at par the amount of the consideration mentioned, and being ignorant of the facts and of the character and value of the lands, and relying upon its commissioner to protect its interests, executed a conveyance of the lands in the usual form to the plaintiff, and placed it in the hands of the commissioner for delivery to him; that the lands thus sold were pine timber lands, and the company was ignorant of their character and value until April, 1881, when it repudiated and disaffirmed the sale, and filed a bill in the Circuit Court of the United States for the District of Minnesota for its annulment, and the reconveyance to it of the lands, offering at the same time to return to the plaintiff the cost of the preferred stock received, which bill is now pending and undetermined.

The relief prayed in the answer was: first, that the plaintiff take nothing by his action; second, that the alleged purchase of the lands in the name of Paine be adjudged void as against the defendant; third, that an account be taken of the cost of the shares of preferred stock received in payment for the lands, and that on the repayment by the company of such cost, the plaintiff be decreed to release and reconvey the lands to the company.

The plaintiff filed a replication, denying the allegations of fraud and fraudulent combination stated in the equitable defence, and any license or assent by him to the lumber company to cut the logs.

The case was then removed, on application of the defendant, from the state court to the Circuit Court of the United States. In that court the equitable defence could not be made available. In the courts of the United States, to legal actions legal defences only can be interposed. If the defendant have equitable grounds for relief against the plaintiff, he must seek to

enforce them by a separate suit in equity. If his equitable grounds are deemed sufficient, he may thus stay the further prosecution of the action at law, or be furnished with matter which may be set up as a legal defence to it. Upon the removal, therefore, of the action to the Circuit Court, the equitable defence could not be considered. It would have been entirely proper for the defendant to have amended his answer by striking out that portion embracing this defence. But he did not take that course, and the plaintiff relied upon its allegations as evidence. If the pleadings are construed as in the state court, there was an admission by them of an important fact in the case; namely, of title by a deed from the former owner of the lands. In the state courts, where an answer sets up several distinct defences, a denial in one is held to be qualified by an admission in another. Thus, in *Derby & Day* v. *Gallop*, 5 Minn. 119, where the action was replevin for unlawfully taking the plaintiff's goods, and the answer contained two defences: 1st, a general denial of the allegations of the complaint; and, 2d, a justification of the taking under a levy upon execution; it was held that the answer admitted the taking, for the purposes of the trial, and to that extent the second defence affected the first. In *Scott* v. *King*, 7 Minn. 494, the same doctrine was declared, the court holding that a general denial in one defence, inconsistent with special matter alleged in a second defence, is to be considered as modified thereby. See also *Zimmerman* v. *Lamb*, 7 Minn. 421. The admission of the execution of a deed by the former owner, and thus of title in the plaintiff, if it could be used, obviated the want of other proof on that point. In order that the plaintiff might recover, it devolved on him to prove not merely the value of the logs taken, but that he owned them, or was entitled to their possession. It is not contended that he acquired any title to them except as annexed to the lands from which they were cut. Standing timber is a part of the realty and goes with its title or right of possession. When severed from the soil its character as realty is changed; it has become personalty, but the title to it continues as before.

The right, therefore, to recover for what is severed from the

freehold depends upon the right to the freehold itself. If the plaintiff is in possession, he is presumed to be lawfully so, having the right of possession, and, therefore, entitled to what is severed. If he is out of possession, he must show a title to the land, or right to its possession. A mere equitable claim, which a court of equity may enforce, will not sustain an action at law for the recovery of the land or anything severed from it. *Halleck* v. *Mixer,* 16 Cal. 574; *Mather* v. *Trinity Church,* 3 S. & R. 509; *Harlan* v. *Harlan,* 15 Penn. St. 507; *S. C.* 53 Am. Dec. 612.

In the case at bar, no proof was offered by the plaintiff of his title to the land, from which the logs in controversy were cut, or of his ownership in any other way, he relying upon the admission to that effect contained in the paragraph of the answer setting up the equitable defence. This defence was not, as already stated, available in the action at law after the removal of the case to the Circuit Court of the United States, and the answer might have been there amended by striking it out; but so long as it remained a part of the pleadings, the fact admitted by it in the state court must be considered as still admitted in the Federal court. No hardship can follow from this rule, for the defendant, by amending his answer after the removal of the cause, can always avoid this result; in many cases it will obviate the inconvenience of making proof of a fact within the knowledge of the parties.

The objection, that there was no evidence of a delivery of the deed, which the answer alleges was executed and placed in the hands of the land commissioner of the railroad company for that purpose, is not well taken. It will be presumed, after the lapse of months, as in the present case, that the delivery was made as directed; if not, it was for the defendant to show it — the proof, if the fact were so, being in its power. The prayer of the special defence is for a cancellation of the contract of sale, and a *reconveyance* of the land to the defendants.

It only remains to consider the refusal of the court to give the instruction requested with reference to the parol license from the railroad company, at the time the owner of the

lands, to the lumber company to cut the logs in question, and the alleged knowledge of the plaintiff that it was acting upon the license. The license was proved, but the court held that there was no evidence of the plaintiff's knowledge of it. The instruction requested was as follows:

"If the jury believe that the Northern Pacific Railroad Company gave a license to the Knife Falls Lumber Company to cut logs upon the lands described in the complaint, while the said railroad company was the owner of the said lands, and that the said lumber company cut the logs described in the complaint, acting under such license, and that the plaintiff knew of the existence of such license, and knew that the said lumber company was cutting such logs, acting under the said license, and made no objection to such cutting; in such case, the jury would be at liberty to find that the said cutting was by the license and permission of the plaintiff, and if the jury does so find, it should find a verdict for the defendant."

The instruction was properly refused for the want of evidence of the plaintiff's knowledge of the license. And by the conveyance of the lands to the plaintiff the license from the original owner was necessarily terminated.

*Judgment affirmed.*