COIT & CO. v. SULLIVAN–KELLY CO. et al.

(Circuit Court, N. D. California. December 31, 1897.)

No. 12,510.

COURTS—PRACTICE—UNITING LEGAL AND EQUITABLE ACTIONS.

Seeking recovery under one complaint against a corporation for goods sold and delivered to it, and against an individual alleged to have an interest in its business, and the full control, management, and disposition of its property and assets, is an improper joinder of legal and equitable causes of action, and will not be permitted in the federal courts, though allowable in the courts of the state where the action was brought.

L. T. Hatfield, for plaintiff.
Robert T. Devlin, for defendants.

HAWLEY, District Judge (orally). This action is brought to recover the sum of $3,682.58, alleged to be a balance due and owing from the defendant the Sullivan-Kelly Company for goods, wares, merchandise, and paint supplies sold and delivered by the plaintiff to said corporation. The defendants have separately appeared, and moved to dismiss the action, and have also separately interposed a demurrer to the amended complaint. One ground of the demurrer, and the only one that need be noticed, is "that there is a misjoinder of parties defendant, in this: that Robert T. Devlin, alleged to be a trustee, is made a party with the defendant the Sullivan-Kelly Company, alleged to be a debtor." The cause of action against the defendant Devlin is stated in the following averment:

"That under an arrangement between defendants, the Sullivan-Kelly Company and Robert T. Devlin, the details of which are unknown to plaintiff, defendant Robert T. Devlin has become a party in interest in the ownership, control, and management of the business and property of the Sullivan-Kelly Company, to the extent of having the sole control of the disposition of the assets of the Sullivan-Kelly Company, the collection of the money arising therefrom, and the disbursement thereof, for distribution among all the owners of such property and business, and for the payment of all indebtedness of the Sullivan-Kelly Company, including the indebtedness to plaintiff; and he is now, and for more than five months prior to the commencement of this action has been, so in control of such business and property of the Sullivan-Kelly Company, and the disposition of the money arising therefrom, and is now, and at all times within said period of five months has been, beneficially interested therein."

The plaintiff "prays judgment against defendants for the sum of three thousand six hundred and eighty-two and 58/100 dollars, with interest, * * * and for such other and further relief as plaintiff may be entitled to in law, and under the practice of this court."

The character of this complaint cannot be classified either as an

action at law or a suit in equity. The plaintiff really seeks to amalgamate the two causes in one complaint. The defendants ought, under the rules and practice of this court, to have made a motion to compel plaintiff to elect whether it would proceed at law or in equity, which motion would have been granted. The motion to dismiss will, however, be denied.

If the complaint is to be treated as an action at law to recover from both defendants the amount of money alleged to be due, it is wholly insufficient, because there are no allegations which aver any contractual relations between the plaintiff and the defendant Devlin, or any averment of any character to show that defendant Devlin, in any way or manner, or by any transaction, had become obligated to pay plaintiff any sum or amount of money whatever. As a bill in equity, it is defective in several respects,—among others, that it does not show that the plaintiff has no clear, speedy, or adequate remedy at law. Moreover, the law is well settled that, before a plaintiff can maintain a suit in equity to subject property in the possession of one party to the payment of a debt due from another party, he must first bring his action at law against the debtor to establish and enforce his claim. Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712; Tube-Works Co. v. Ballou, 146 U. S. 517, 523, 13 Sup. Ct. 165; Hollins v. Iron Co., 150 U. S. 371, 379, 14 Sup. Ct. 127. It is, however, unnecessary to discuss the merits or demerits of the averments in the complaint. It is enough to say that the real objection to the complaint is that the plaintiff has attempted to unite an action at law with a suit in equity, as under the state practice in the state courts he is permitted to do, but that practice does not prevail in this court. The plaintiff may bring his action at law against the Sullivan-Kelly Company to recover the sum of money alleged to be due, and it may also bring a suit against the defendant corporation and Devlin to subject the assets in the possession of Devlin to the payment of any judgment that may be recovered against the corporation; but it cannot unite a suit in equity with an action at law, in the same complaint. The distinction between law and equity must be observed in all actions or suits brought in the United States courts. The equity jurisdiction of the courts of the United States is derived from the constitution and laws of the United States. The practice is regulated by the various courts and by the rules established by the supreme court, unaffected by any state legislation. In the United States courts, the union of equitable and legal causes of action are not allowed. These general principles are too well settled to require an extended discussion. Bennett v. Butterworth, 11 How. 669; Fenn v. Holme, 21 How. 481, 484; Thompson v. Railroad Co., 6 Wall. 134, 137; Payne v. Hook, 7 Wall. 425, 430; Hurst v. Hollingsworth, 100 U. S. 100, 103; Railroad Co. v. Paine, 119 U. S. 561, 7 Sup. Ct. 323; Ridings v. Johnson, 128 U. S. 212, 217, 9 Sup. Ct. 72; Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712; Scott v. Armstrong, 146 U. S. 499, 513, 13 Sup. Ct. 149. The demurrers are sustained, and plaintiff given 20 days in which to amend his complaint.