PURDY v. BAKER.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. ACTIONS—STAY OF PROCEEDINGS—APPLICATION—PERMIT—SEPARATE ACTIONS.
   In an action at law for damages, where no equitable relief is asked, and no equitable powers of the court invoked, a stay of proceedings in an action brought by defendant against plaintiff in another county cannot be obtained, but any stay in such other action must be applied for in that action.

Appeal from Special Term, Schuyler County.

Action by Charles W. Purdy against Richard K. Baker. From an order denying a motion for a stay of proceedings in an action brought by defendant against the plaintiff in another county, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William C. Wolf, for appellant.
Seaman Miller, for respondent.

INGRAHAM, J. It is quite clear that the court properly denied this motion, as any application to stay the proceedings in the action brought in Schuyler county must be made in that action. The motion is not for an injunction to restrain the defendant from proceeding in another action which the Supreme Court would, in a proper case, have jurisdiction to grant, but simply an application made for an order staying proceedings in another action. This action is one at law, brought to recover damages for a breach of a contract. No equitable relief is asked, and the court is asked to exercise none of the powers of a court of equity. Actions for an accounting in which a court of equity had jurisdiction over all the parties interested in a fund in the hands of trustees, or where the court has power by its

process to bring all the parties interested in the fund before it, and to determine all their rights, are not in point. There the court, by virtue of its equitable power, requires all persons interested in the fund to come in as parties to the action, and enjoins them from instituting other actions against the trustee, as all their rights can be protected by the decree in the equitable action. No such relief is asked in this case. Here the two actions are in the Supreme Court, but in different counties. All motions in the action in Schuyler county must be made in that action, and not in another action, pending in New York county. All of the cases cited by the plaintiff were either actions in equity, in which the court had before it all the parties interested, and where the proceeding was to determine the rights of the several parties to a specific fund or specific property, or where the motion to stay the proceedings was made in the action the proceedings in which were stayed. The Supreme Court in Schuyler county can determine whether or not that action should be tried before this action, and the determination of that question should be left to that court.

For this reason I think the order appealed from should be affirmed, with $10 costs and disbursements. All concur.