GRIESA et al. v. MUTUAL LIFE INS. CO. OF NEW YORK.

(Circuit Court of Appeals, Eighth Circuit. November 19, 1908.)

No. 2,922.

APPEAL AND ERROR (§ 71*)—INTERLOCUTORY ORDER IN EQUITY "STAYING" PROCEEDINGS AT LAW—APPEAL TO CIRCUIT COURT OF APPEALS.

When, upon a hearing in equity in the Circuit Court, in a suit the parties to which include all the parties to an action at law pending in that court, an interlocutory order is granted "staying" further proceedings in the law action, on the theory that the two cases embrace a controversy which should be litigated to a final and complete determination in the suit in equity, to the exclusion of any proceedings at law, the order, although not using the technical words "restrain and enjoin," and not in terms directed against the plaintiffs in the action at law, is in purpose and effect an order granting an injunction, within the meaning of section 7 of the act creating the Circuit Court of Appeals (Act March 3, 1891, c. 517, 26 Stat. 828 [U. S. Comp. St. 1901, p. 550]), as amended by Act April 14, 1906, c. 1627, 34 Stat. 116 (U. S. Comp. St. Supp. 1907, p. 208), and an appeal from such order lies to that court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 394; Dec. Dig. § 71.*]

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the District of Kansas.

C. F. Hutchings and George J. Barker (Samuel A. Riggs, on the brief), for appellants.

A. C. Mitchell and John S. Dean (Leonard S. Ferry, Thomas F. Doran, and S. D. Bishop, on the brief), for appellee.

Before VAN DEVANTER, Circuit Judge, and PURDY, District Judge.

VAN DEVANTER, Circuit Judge. Briefly stated, the facts material to the decision of the question here under consideration are these: By a policy of insurance issued upon the life of Lucius H. Perkins,

of Lawrence, Kan., the Mutual Life Insurance Company of New York promised that upon his death it would issue to his executors 100 interest-bearing gold coin bonds, each of the denomination of $1,000 and payable in 20 years, or, if the executors should so elect, would pay to them the cash value of the bonds, to be computed at $1,305 for each bond. Within six months after the issuance of the policy, the insured died intestate, leaving a widow and three sons, for whose benefit his will contained certain special instructions respecting the bonds named in the policy. After his death the insurance company brought a suit in equity in the Circuit Court against the executors, widow and sons to obtain, inter alia, a cancellation of the policy; it being alleged in the bill that the issuance of the policy was fraudulently procured by the insured, that death by suicide within one year after the issuance of the policy was not within the risk covered thereby, that the insured died by suicide, that indisputable evidence of such suicide could be procured through an exhumation of his body and an autopsy thereon, and that these could be obtained only through the exercise of the powers of a court of equity. Thereafter the executors began an action at law in the Circuit Court against the insurance company to recover the cash value of the bonds, predicating the right to do so upon the company's denial of all liability under the policy, and also upon an election by the executors to take cash in lieu of bonds. In the suit in equity the defendants demurred to the bill upon the ground that the complainant had a plain, adequate, and complete remedy at law, and they also interposed a plea to the bill, alleging therein the pendency of the action at law and that, in the defense of that action, the complainant could obtain the full benefit of all the matters stated in the bill. The complainant then made in the suit in equity an application for "an order staying all further proceedings" in the action at law, "for the reason that the exact issues involved" in that action "are involved in and will be determined in this suit in equity, and because this court of equity, having rightfully acquired jurisdiction of the parties and the subject-matter of the controversy, for the purpose of granting a certain necessary and indispensable equitable relief, will retain such jurisdiction to do complete justice between the parties and grant full relief." This application, the demurrer, and the plea were heard at the same time, and the hearing resulted in the following interlocutory order or decree:

"The demurrer and plea to the bill of complaint herein, and also the application of the complainant for an order staying proceedings in action at law No. 8,603 on the records of this court, having been heretofore argued and submitted to the court with leave to the respective parties to file briefs, now, on this 25th day of June, 1908, the court having carefully considered the same, and being well advised in the premises, doth order, adjudge, and decree that the defendants' demurrer and plea to the bill heretofore filed herein be, and they are each overruled and denied. It is further ordered, adjudged, and decreed that the motion of complainant to stay further proceedings in law action No. 8,603 on the records of this court be, and the same is, sustained."

From this order or decree the defendants appealed, and the insurance company now moves to dismiss the appeal, claiming that such an order or decree is not appealable. The controlling statute is section 7 of the act creating the Circuit Courts of Appeals (Act March

165 F.—4

3, 1891, c. 517, 26 Stat. 828 [U. S. Comp. St. 1901, p. 550]), as amended by Act April 14, 1906, c. 1627, 34 Stat. 116 (U. S. Comp. St. Supp. 1907, p. 208), which reads as follows:

"That where, upon a hearing in equity in a District or in a Circuit Court, or by a judge thereof in vacation, an injunction shall be granted or continued, or a receiver appointed by an interlocutory order or decree, in any cause an appeal may be taken from such interlocutory order or decree granting or continuing such injunction, or appointing such receiver, to the Circuit Court of Appeals: Provided, that the appeal must be taken within thirty days from entry of such order or decree, and it shall take precedence in the appellate court; and the proceedings in other respects in the court below shall not be stayed unless otherwise ordered by that court, or by the appellate court, or a judge thereof, during the pendency of such appeal: Provided, further, that the court below may, in its discretion, require as a condition of the appeal an additional bond."

As the order or decree in question was made upon a hearing in equity and was interlocutory, the decisive question is, Did it grant an injunction? To us the answer does not seem doubtful. A court of equity possesses no power to stay proceedings in a court of law, save by granting an injunction against the litigant actors therein, and this is so well recognized that when, in a court of equity, a stay of proceedings in an action at law is sought or ordered, it is understood that it is this injunctive power that is invoked or exercised, although the technical terms "restrain and enjoin" be not used. Plainly the insurance company intended to seek, and the Circuit Court intended to grant, in the suit in equity, an order staying proceedings in the action at law, and the record furnishes no reason for believing that either intended that the order should be other than an authorized exertion of the injunctive power. Possibly the application and the order would have conformed more nearly to technical usage if the one had prayed and the other had directed, in so many words, that the executors, the actors in the action at law, be restrained and enjoined from taking any further proceedings therein; but the language used was essentially the same in its purpose and effect. The purpose of the order was also reflected in a written opinion which accompanied it, and is found in the record, because it there appears that the court proceeded upon the theory, advanced in the insurance company's application, that the peculiar state of affairs shown in the suit in equity demonstrated the propriety of proceeding to a complete determination of the entire controversy in that suit to the exclusion of any proceedings at law. If that theory was correct—as to which we express no opinion—an injunctive order against further proceedings in the action at law followed almost as a matter of course.

The principal argument advanced to sustain the contention that the order or decree did not grant an injunction is this: All courts, whether of law or equity, possess inherent power to stay proceedings before them, to the end that abuse, oppression, and injustice may be prevented; and, as courts of law possess no power to grant injunctions, it necessarily must be that a stay of proceedings is not an injunction. The argument is sound when applied to a stay of proceedings granted by the court, and in the cause, in which the stay is to be operative, but beyond that it is fallacious. A court of law, when not exercising an

appellate or supervisory jurisdiction, possesses no power to stay proceedings in another court. Purdy v. Baker, 92 App. Div. 242, 86 N. Y. Supp. 1065; Deyo v. Morss, 60 Hun, 580, 14 N. Y. Supp. 841. But not so of a court of equity. One of its most firmly established powers is that of staying proceedings at law when according to the principles of equity there is occasion to do so, and this power arises only from the authority to grant injunctions. 2 Story, Eq. Jur. (13th Ed.) § 874 et seq.; 4 Pomeroy, Eq. Jur. (3d Ed.) § 1360 et seq.

It is also said that we are not here concerned with an order or decree of one court staying proceedings in another, because both cases were pending in the same court. But there is no force in the attempted distinction. For all purposes material to the present discussion, it is as if the two cases were pending in distinct tribunals, each acting independently of the other. This is so because of the separation or distinction which is carefully preserved and maintained by the laws of the United States between proceedings at law and proceedings in equity in the national courts and between the powers of those courts when sitting as courts of law and when sitting as courts of equity. Jones v. McMasters, 20 How. 8, 22, 15 L. Ed. 805; Thompson v. Railroad Companies, 6 Wall. 134, 18 L. Ed. 765; Hurt v. Hollingsworth, 100 U. S. 100, 25 L. Ed. 569; Northern Pacific Railroad v. Paine, 119 U. S. 561, 7 Sup. Ct. 323, 30 L. Ed. 513; Highland Boy Gold Mining Co. v. Strickley, 54 C. C. A. 186, 116 Fed. 852; Files v. Brown, 59 C. C. A. 403, 124 Fed. 133; Hatcher v. Hendric & Bolthoff Mfg. Co., 68 C. C. A. 19, 133 Fed. 267; Anglo-American Co. v. Lombard, 68 C. C. A. 89, 132 Fed. 721; Lombard v. Anglo-American Co., 196 U. S. 638, 25 Sup. Ct. 793, 49 L. Ed. 630; Cook v. Foley, 81 C. C. A. 237, 152 Fed. 41; Id., 209 U. S. 543, 28 Sup. Ct. 570, 52 L. Ed. 919.

We think the order or decree granted an injunction, and is within the statute before quoted, a manifest purpose of which is to enable a defendant to seek immediate appellate relief from an injunction, the continuance of which throughout the progress of the suit in which it is granted might seriously affect his interests. Smith v. Vulcan Iron Works, 165 U. S. 518, 525, 17 Sup. Ct. 407, 41 L. Ed. 810.

The motion to dismiss the appeal is accordingly denied.