**KLEIBOR v. COLONIAL STORES, Inc.**

No. 5549.

Circuit Court of Appeals, Fourth Circuit.

Feb. 3, 1947.

J. Bat Smathers and T. A. Uzzell, Jr., both of Asheville, N. C. (Smathers & Meekins, of Asheville N. C., on the brief), for appellant.

R. R. Williams, of Asheville, N. C. (Williams, Cocke & Williams, of Asheville, N. C., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This is a civil action instituted in the United States District Court for the Western District of North Carolina by John G. Kleibor, the appellant (hereinafter called Kleibor), against Colonial Stores, Incorporated, a Virginia corporation, the appellee (hereinafter called Colonial), for damages for personal injuries arising from an accident which occurred on a highway in North Carolina on September 8, 1945. From an adverse judgment, Kleibor appeals.

The only real question involved on this appeal is whether the lower court erred in its instruction to the jury that unless it found that the truck Kleibor was driving was hit and knocked off the road, Colonial was not liable. Kleibor's counsel offered one instruction, among others offered, to the effect that if the jury found Kleibor was "crowded off the road and caused to wreck in the attempt to avoid a collision", then the defendant Colonial would be liable. The court refused to allow this instruction on the grounds that there was no evidence to support such a finding, and this refusal was consistent with the other instructions which were given. We think this ruling of the lower court was entirely correct.

The accident occurred on U. S. Route No. 25 between Greenville, South Carolina, and Hendersonville, North Carolina, about six o'clock in the afternoon. Just over the state line, on the North Carolina side, there is a straight section of the highway that descends on a slight grade for a thousand feet or so before another curve, to the right, is encountered. Kleibor, driving a one and one-half ton Chevrolet truck, was proceeding on this road in a northerly direction. Somewhere along this straight stretch (the evidence is conflicting), Colonial's truck-trailer, a unit approximately 30 feet long, also traveling North, overtook and passed Kleibor.

The road is of concrete construction, 18 feet wide, with shoulders extending 8 feet on each side. About the time the Colonial truck passed, Kleibor's vehicle left the road, travelled across and along the shoulder, and crashed over and down on a culvert protruding into a ditch beneath the shoulder. Kleibor sustained serious injuries to his back and side. A soldier and his wife, now unidentified, found Kleibor, put him in their car, proceeded to Hendersonville and located Darby, the driver of the Colonial truck, who was ignorant of Kleibor's accident.

In paragraph 5 of Kleibor's complaint, it was alleged that Colonial's truck struck the truck driven by Kleibor, and in paragraph 7(b) the words "collided with" are found; but in paragraph 7(c) the allegation of negligence is asserted as being in "either striking * * * or crowding the truck which the plaintiff was driving to such an extent that it had to give way to the defendant's truck."

At the trial Kleibor testified along these lines: that less than 100 feet from the curve to the right, Darby sounded the horn of the Colonial truck and started to pass; that he (Kleibor) was going but 10 miles per hour at the time; that before the Colonial truck got around him, a car appeared (from around the curve) going in a direction opposite to the direction in which the Kleibor and Colonial trucks were passing; that the Colonial truck was forced to cut in sharply to avoid a collision with the oncoming car. Kleibor then went on to testify that the trailer part of the Colonial unit struck his front fender and, in his own words, that he was hit "big enough to bend the fenders inside out."

Darby told an utterly different story. He testified that some 500 feet or more from the curve he sounded his horn to pass Kleibor, but Kleibor was in the middle of the road and in order to pass, he found it necessary to direct the Colonial truck over on the left shoulder of the road. Darby also testified that there was no car coming from the opposite direction; that (when his truck passed Kleibor's truck) there was a distance of several feet between the trucks, and (consistent with his ignorance of the accident) he denied that his truck struck Kleibor's truck.

Kleibor, therefore, was the only one who was in a position to tell what happened to him as the Colonial truck passed. He gave an undeviating account of the accident and that testimony furnishes a complete answer to the question his counsel would raise in this Court. Kleibor gave an emphatic repudiation to that part of the complaint charging that he was "crowded" and insisted repeatedly that he was "hit and knocked off the road." On direct examination, Kleibor testified that "the back end of his (the Colonial) truck knocked me off the road while his truck was on the highway," and that he had never stated that he was "crowded off the road." In answer to a question on cross-examination as to why the complaint contained the statement as to being "crowded", Kleibor replied: "My truck was struck by his truck as it says in that thing. I never said 'crowded off the road' in my statement." To additional questions, he explained that his attorney had added the statement as to his being crowded off the road, which he again repudiated.

Such testimony by Kleibor himself, which was opposed directly by the testimony of Darby, and the evidence of other witnesses who examined the Colonial truck after the accident and found no marks on the Colonial truck indicating a collision, can yield but one issue—that is, whether or not Kleibor was struck and knocked off the road. Kleibor's counsel insist, how-

ever, that Kleibor may have been accurate in all of his testimony while entertaining a mistaken notion as to this one point. Then, it is argued, there is other evidence that could and should support a finding that Kleibor was "crowded off." Reference is made to some skid marks of Kleibor's truck as evidence of applying the brakes and being "crowded." And more than that, counsel point to Kleibor's testimony as to the approaching car, which, it is said, furnishes independent evidence that gives rise to the inference of "crowding"; and it is most vigorously and earnestly argued that the testimony of being "hit" is not inconsistent with being "crowded," since one can be both "crowded" and "hit," i. e., the latter may include the former.

We are willing to concede that if two trucks collide, they must have come close. And we do not say that this contention might not be availing if there were some third party witness testifying as to what appeared to be a "collision." Again, the argument might be invoked to advantage where a party, unlike the plaintiff Kleibor, would testify that he was crowded or hit, but because of the shock and confusion finds himself unable to relate precise details at the moment before an accident. We only pause to differentiate, but not to pass on, those situations. Such, however, is not the case here, for Kleibor not only stated positively that he was hit, but went on and affirmatively denied that he was crowded. Therefore any disconnected bits of Kleibor's testimony which might otherwise suggest facts from which a finding of "crowding" might be made (assuming there are any), are not available for that purpose because Kleibor himself qualified and restricted those statements as bearing only on the collision. Counsel cannot marshal some of Kleibor's statements, to the exclusion of others, and construct a story which is not only different from Kleibor's, but one in which, by these same remarks, he unequivocally rejected the possibility now suggested.

Appellant relies on the recent case of Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740. We find nothing in that case which compels a conclusion contrary to the one reached here. In fact, that case states the present case conversely with the dictum (327 U.S. 645 at page 653, 66 S.Ct. 740, 744):

"Only when there is a complete absence of probative facts to support the conclusion reached does a reversible error appear."

■ It would have been reversible error, again stating the present case conversely, had the instruction offered by Kleibor's counsel been allowed, if followed by a finding by the jury that Kleibor had been crowded off the road. For other cases dealing with this question, see Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815, Ann.Cas.1914D, 905; Northern Pacific R. Co. v. Paine, 119 U.S. 561, 7 S. Ct. 323, 30 L.Ed. 513; Carter v. Carusi, 112 U.S. 478, 5 S.Ct. 281, 28 L.Ed. 820; Bird v. United States, 187 U.S. 118, 23 S. Ct. 42, 47 L.Ed. 100; Blackley v. Powell, 4 Cir., 68 F.2d 457. And there are many cases giving the affirmative rule that inferences must be such as the jury can justifiably draw from the evidence. Chicago, M. & St. P. R. Co. v. Coogan, 271 U.S. 472, 46 S.Ct. 564, 70 L.Ed. 1041; Brandon v. Holman, 4 Cir., 41 F.2d 586.

The case of Shipp v. Stage Lines, 192 N.C. 475, 135 S.E. 339, cited by appellant, is not applicable, for in that case there was evidence of a collision between two busses and also evidence that one bus, in order to avoid a collision, backed off the highway and thereby injured the plaintiff. Nor are the other North Carolina cases to which our attention has been directed inconsistent or contrary to the rule we follow. Cases cited by appellant merely express the general rule that the trial judge should instruct the jury as to the law which is applicable to the various aspects of the evidence. Compare Spencer v. Brown, 214 N.C. 114, 198 S.E. 630; Williams v. Coach Co., 197 N.C. 12, 147 S.E. 435; Bowen v. Schnibben, 184 N.C. 248, 114 S.E. 170.

■■ The lower court did read to the jury North Carolina General Statute § 20-149 which requires a passing vehicle to leave two feet between, and prohibits driving to the right side of the highway until safely clear of, the overtaken vehicle. A violation of the statute is negligence per se. The court went on to instruct, however,

that the "main issue" was whether the Colonial truck hit the truck driven by Kleibor and knocked him off the road. These instructions were the source of some confusion to the jury and the foreman asked the court to clarify the point as to crowding. The court again told the jury that the only issue arising from the evidence was whether Kleibor's truck was hit and knocked off the road. To have given the instruction as to crowding would have opened the door for possible findings based, not on the evidence, but on conjecture or speculation. The jury returned a verdict for the defendant and there was ample evidence to support this verdict.

There was no error and the judgment below is affirmed.

Affirmed.