## KAUFER v. NATIONAL CASUALTY CO. et al.

### Civil Action No. 4313.

District Court, E. D. Wisconsin.

April 8, 1947.

Martin J. Price, of Milwaukee, Wis., for plaintiff.

Patrick W. Cotter, of Wood, Warner, Tyrrell & Bruce, all of Milwaukee, Wis., for defendant National Casualty Co.

382

John A. Kluwin, of Milwaukee, Wis., for defendant American Casualty Co.

DUFFY, District Judge.

The plaintiff, a citizen of this judicial district, commenced this action against the defendants, National Casualty Company, a Michigan corporation, and American Casualty Company, a Pennsylvania corporation, in the Circuit Court of Milwaukee County. American Casualty removed the suit to this court on the ground that the controversy between it and the plaintiff is separable from that between the plaintiff and National Casualty. National Casualty now moves the remand of the action to the State court, asserting that only one cause of action or claim is stated against the defendants jointly.

■ Jurisdiction must be determined on the basis of the plaintiff's complaint. Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S.Ct. 374, 83 L.Ed. 334. After allegations of identity and citizenship, the complaint alleges that National Casualty insured one Anthony Cianciola against liability imposed by law for personal injuries and property damage arising out of the ownership, operation and use of a certain 1937 Buick sedan; and that American Casualty insured one Leonard Cianciola against similar liability arising out of the ownership, operation and use of a certain 1941 Buick sedan, the latter insurance extending to instances where Leonard Cianciola should drive a car other than the 1941 Buick referred to in the policy.

The complaint proceeds by alleging that on October 23, 1946, when both policies were in effect, the plaintiff's deceased was killed when the 1937 Buick driven by Leonard Cianciola (the insured under the American Casualty policy) overturned by reason of the negligence of Leonard Cianciola, thus creating and imposing liability on the part of defendants in a sum greater than the minimum prescribed jurisdictionally requisite for removal to this court.

Title 28 U.S.C.A. § 71 provides for removal from State courts to United States district courts of suits "arising under the Constitution or laws of the United States, * * *" and further provides: "Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction, in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that State. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

■ There being present in this suit the jurisdictional prerequisites, it is my opinion that it was properly removed to this court, and is not subject to remand, because as between the plaintiff and American Casualty a separable controversy exists, that is, "a controversy which is wholly between" them as "citizens of different States, and which can be fully determined as between them. * * *" Concededly, separate policy-contracts are involved, stemming from transactions between distinct contracting parties and, hence, each is sufficient to support a separate controversy. A separate and distinct suit could properly have been brought and complete relief afforded had the plaintiff separately sued American Casualty under its policy.

■ As said in Fraser v. Jennison, 106 U.S. 191, 194, 1 S.Ct. 171, 174, 27 L.Ed. 131, with reference to the statute here involved, that, in order to entitle a party to removal, "there must exist in the suit a separate and distinct cause of action, on which a separate and distinct suit might properly have been brought, and complete relief afforded as to such cause of action, with all the parties on one side of that controversy citizens of different states from those on the other." To the same effect: Barney v. Latham, 103 U.S. 205, 210-212, 26 L.Ed. 514; Hyde v. Ruble, 104 U.S. 407, 409, 410, 26 L.Ed. 823; Geer v. Nathieson Alkali Works, 190 U.S. 428, 432, 23 S.Ct. 807, 47 L.Ed. 1122; City of Gainesville v. Brown-Crummer Investment Co., 277 U.S. 54, 60, 48 S.Ct. 454, 72 L.Ed. 781; Des Moines Elevator & Grain Co. v. Underwriters' Grain Ass'n, 8 Cir., 63 F.2d 103, 106.

The fact that the plaintiff elected under State law to sue the two causes of action in a single suit does not affect American Casualty's right of removal given by the applicable federal statute. As the court stated in Harrison v. St. Louis & San Francisco Railroad Co., 232 U.S. 318, 329, 34 S.Ct. 333, 336, 58 L.Ed. 621, L.R.A.1915F, 1187: " * * * a Federal question results which is determinable by the courts of the United States free from limitation or interference arising from an exertion of state power." Incidentally, the removal effected in this suit took the whole of it to this court. Brooks v. Clark, 119 U.S. 502, 512, 7 S.Ct. 301, 30 L.Ed. 482.

In Freeman v. Bee Machine Co., 319 U.S. 448, at page 452, 63 S.Ct. 1146, at page 1148, 87 L.Ed. 1509, it is said: " * * * The jurisdiction exercised on removal is original not appellate. State of Virginia v. Rives, 100 U.S. 313, 320, 25 L.Ed. 667. The forms and modes of proceeding are governed by federal law. Thompson v. Railroad Companies, 6 Wall. 134, 18 L.Ed. 765; Hurt v. Hollingsworth, 100 U.S. 100, 25 L.Ed. 569; West v. Smith, 101 U.S. 263, 25 L.Ed. 809; King v. Worthington, 104 U.S. 44, 26 L.Ed. 1652; Ex parte Fisk, 113 U.S. 713, 5 S.Ct. 724, 28 L.Ed. 1117; Northern Pacific R. Co. v. Paine, 119 U.S. 561, 7 S.Ct. 323, 30 L.Ed. 513; Twist v. Prairie Oil & Gas Co., 274 U.S. 684, 47 S.Ct. 755, 71 L.Ed. 1297; Rorick v. Devon Syndicate, Ltd., 307 U.S. 299, 59 S.Ct. 877, 83 L.Ed. 1303. Congress has indeed provided that in a suit which has been removed the District Court shall 'proceed therein as if the suit had been originally commenced in said district court, and the same proceedings had been taken in such suit in said district court as shall have been had therein in said state court prior to its removal.' Judicial Code, § 38, 28 U.S.C., § 81, 28 U.S.C.A. § 81. While that section does not cure jurisdictional defects present in the state court action, it preserves to the federal District Courts the full arsenal of authority with which they have been endowed. * * *"

The motion to remand this suit must therefore be denied and an order to that effect may be submitted by counsel for American Casualty.