**PEABODY COAL COMPANY, a corporation, Plaintiff,**

v.

**Paul BARNES et al., Defendants.**

**No. N 69 C 24.**

United States District Court
E. D. Missouri, N. D.

Dec. 3, 1969.

Hunter, Chamier & Lee, Moberly, Mo., and Susman, Willer, Rimmel & Elliott, St. Louis, Mo., for plaintiff.

Robert H. Kubie, Bartley & Bartley, Clayton, Mo., for defendant United Mine Workers.

### MEMORANDUM OPINION AND ORDER

REGAN, District Judge.

This action, brought in the Circuit Court of Randolph County, Missouri, was removed to this Court on October 6, 1969. On September 16, 1969, the day the suit was filed in the Circuit Court, an ex parte restraining order was issued without notice to defendants, and the court also entered an order directed to defendants to show cause on October 8, 1969, why a temporary injunction should not be granted. The removal prevented a hearing on the order to show cause. To date no application has been made for a hearing in this Court on plaintiff's prayer for a temporary injunction.

The petition alleges that Peabody Coal Company operates coal mines in Missouri, including its Bee Veer Mine, partly located in Randolph County, and its newly opened Prairie Hill Mine, also partly located in Randolph County. Defendants are sued "individually and as

representatives of a class consisting of members of United Mine Workers of America, Local 7688, a voluntary unincorporated association and all presently acting jointly or in concert with them, who are so numerous as to make it impracticable to bring them all before the Court and who, therefore, are made defendants as a class in this action."

Local 7688 is alleged to represent those employees of plaintiff who are members of United Mine Workers of America and who work at plaintiff's Bee Veer Mine. The collective bargaining agreement with defendants who are members of Local 7688 provides a grievance procedure culminating in arbitration for the settlement of local disputes between the parties. The present dispute which relates to seniority, arose when plaintiff opened its Prairie Hill Mine. The controverted issue is whether that mine is a separate and independent operation as plaintiff contends or whether it is within the jurisdiction of Local 7688 as defendants contend.

Defendants are alleged to be "congregating" at the entrance to plaintiff's Prairie Hill Mine and "preventing" plaintiff's employees and others from entering said mine, as a result of which plaintiff's Prairie Hill Mine employees have refused to perform any services thereat for plaintiff, to plaintiff's great financial damage. The foregoing conduct on the part of defendants is alleged to be violative of the collective bargaining agreement.

■ Defendants have moved to dissolve the temporary restraining order, essentially on the grounds (1) that the Norris-LaGuardia Act prohibits such an injunction, and (2) that the requirements of Rule 65(b) have not been met. Initially, we note that the present action is not one to enjoin a strike, nor

is the temporary restraining order intended to have that effect. On the other hand, there can be no doubt that plaintiff's claim involves and arose out of a labor dispute between the parties. What is asserted in the petition is that defendants are "congregating" at the entrance to plaintiff's Prairie Hill Mine thereby "preventing" the employees *at that mine* (not members of Local 7688) from entering the mine and inducing them to participate in a concerted refusal to work for plaintiff at such mine. However, we find no factual allegations of violence or fraud or other unlawful conduct, the only charge of "illegality" being that by "congregating" (which appears to be a euphemism for picketing) defendants are violating the collective bargaining agreement.[1]

■ The Norris-LaGuardia Act does not prohibit all injunctions simply because a labor dispute is involved. Section 107, 29 U.S.C., spells out the circumstances and limitations under which the power of federal courts to issue injunctive orders in such matters may be exercised. In the present state of the record, Section 107 is not applicable.

A comparison of the broad sweep of the temporary restraining order with the factual allegations of the petition makes it clear that the restraining order is much broader than warranted by such allegations. In practical effect, the restraining order enjoins conduct which a federal court, at least, is without power to enjoin under the Norris-LaGuardia Act (Section 103, 29 U.S.C.), certainly so as to those matters comprehended within the specific factual averments.

Under Section 1450, 28 U.S.C., the temporary restraining order issued by the state court remains in full force and effect after the removal until and unless dissolved by this Court. To leave

---

1. We judicially know that plaintiff has filed another action in this Court seeking specific performance of the agreement to comply with the grievance procedure. In that case, plaintiff alleges that the employees of its Bee Veer Mine "commenced *picketing* the Prairie Hill

Mine until enjoined and will resume such *picketing* if the temporary "injunction" is dissolved, refusing to resort to the grievance procedures to interpret the seniority provisions of the collective bargaining agreement.

the state court restraining order undissolved would be tantamount to granting the same injunction by this Court. (Cf. General Electric Company v. Local Union 191, etc., 5 Cir., 413 F.2d 964, certiorari applied for), an injunction which in our judgment we could not have issued had the case been brought initially in this Court.

It has now been almost two months since the case was removed, so that the temporary restraining order which was issued without notice or an opportunity to be heard has been in effect some two and a half months without a hearing having been requested in this Court on whether a temporary injunction, even to the extent authorized by Norris-LaGuardia, should be granted. In view of all the circumstances, and in the light of the vague and conclusionary allegations of the present petition, we have concluded that the temporary restraining order issued by the Circuit Court of Randolph County should be and it is now dissolved effective forthwith.