472 F.2d 764
 82 L.R.R.M. (BNA) 2545, 70 Lab.Cas. P 13,384
 GRANNY GOOSE FOODS, INC., a corporation, and Sunshine
Biscuits, Inc., a corporation, Plaintiffs-Appellees,
v.
BROTHERHOOD OF TEAMSTERS & AUTO TRUCK DRIVERS, LOCAL NO. 70
OF ALAMEDA COUNTY, INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN &
HELPERS OF AMERICA, Defendant-Appellant.
 No. 26838.
 United States Court of Appeals,
Ninth Circuit.
 Jan. 18, 1973.
Rehearing Denied Feb. 22, 1973.
 
 Duane B. Beeson (argued), Kenneth N. Silbert, of Brundage, Neyhart, Grodin & Beeson, Victor Van Bourg, of Levy & Van Bourg, San Francisco, Cal., for defendant-appellant.
 George J. Tichy (argued), Wesley J. Fastiff, Nancy L. Ober, of Littler, Mendelson & Fastiff, San Francisco, Cal., for plaintiffs-appellees.
 Before DUNIWAY, HUFSTEDLER, and TRASK, Circuit Judges.
 HUFSTEDLER, Circuit Judge:
 
 
 1
 The Union appeals from an order holding it in criminal contempt for violating a temporary restraining order. We reverse because the order expired by operation of law after removal of the cause to the federal court and before the alleged contumacious conduct occurred.
 
 
 2
 Granny Goose Foods, Inc., and Sunshine Biscuits, Inc. ("Employers"), commenced the action in a California state court by filing a complaint charging the Union with breach of a collective bargaining agreement. It simultaneously filed an application for a temporary restraining order. On May 15, 1970, the state court, ex parte, issued a temporary restraining order and an order to show cause why a preliminary injunction should not be granted, made returnable on May 26, 1970. On May 18, 1970, Employers filed an amended complaint virtually identical to the original complaint except for the addition of new parties. On the same date the state court, ex parte, issued a modified temporary restraining order reflecting the change in parties and likewise modified the order to show cause, returnable May 26, 1970.
 
 
 3
 On May 19, 1970, the Union filed a petition to remove the action to the federal court. The following day it filed an amended petition to remove naming the new parties. Immediately after removal, the Union filed a motion to dissolve the temporary restraining order, noticed for May 22, 1970, a date within the life of the state order. Employers simultaneously filed a motion to remand, also noticed for May 22, 1970. Because the case was transferred from one federal judge to another, the motions were not heard until May 27, 1970. The district judge denied the motion to remand on May 27, and it submitted the motion to dissolve.
 
 
 4
 While the motion to dissolve was pending, the Supreme Court decided Boys Markets, Inc. v. Retail Clerk's Union (1970) 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199, a decision that destroyed the foundations of Sinclair Refining Co. v. Atkinson (1962) 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440, on which the Union's dissolution motion had been based. On June 4, 1970, the district court denied the motion to dissolve. There was no further action until the proceedings to obtain a contempt order were brought on December 1, 1970, charging the Union with violating the modified temporary restraining order by commencing strike and picketing activities against Employers on November 30, 1970. Employers never applied to the district court for a preliminary injunction. Contempt proceedings, begun on December 2, 1970, concluded with an adjudication of criminal contempt in which a substantial fine was imposed on the Union. This appeal followed.
 
 
 5
 If the action had been retained by the state court, the temporary restraining order would have expired by operation of law not later that 20 days after issuance of the modified order, i. e., June 7, 1970 (Cal.Code Civ.Proc. Sec. 527[1]). If the restraining order had been initially granted by the federal district court, it would have expired not later than June 7, 1970, under the provisions of Rule 65(b) of the Federal Rules of Civil Procedure.[2]
 
 
 6
 Employers contend that the life of the temporary restraining order was indefinitely prolonged by the provisions of 28 U.S.C. Sec. 1450: "All injunctions, orders, and other proceedings had in such [removed] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." The temporary restraining order was neither dissolved nor modified by the district court; therefore, it says, the order remained in full force and effect.
 
 
 7
 Section 1450 does not create a special breed of temporary restraining orders that survive beyond the life span imposed by the state law from which they spring and beyond the life that the district court could have granted them had the the trip. It adds nothing to the terms orders initiated from the federal court. Section 1450 permits transfer to the federal court of state court restraining orders without any loss of potency during of state orders. The purpose of section 1450 is to prevent a break in the force of an injunction or a restraining order that could otherwise occur when jurisdiction is being shifted. Employers' construction of section 1450 would offend the policy of California and federal policy imposing strict limitations on the longevity of temporary restraining orders. The temporary restraining order could not survive beyond June 7, 1970, the last day within its maximum state life, a date months before the alleged contumacious acts transpired.
 
 
 8
 If Employers wanted a preliminary injunction, they easily could have sought one. They did not do so. The Union's unsuccessful effort to dissolve the order before it died a natural death did not convert the temporary restraining order into a preliminary injunction or estop it from relying on the death certificate.
 
 
 9
 The order is reversed and the contempt proceedings are vacated.
 
 TRASK, Circuit Judge (dissenting):
 
 10
 The issue upon which this court is called to rule, is the effect of 28 U.S.C. Sec. 1450 on the duration of a temporary restraining order issued by a state court in a case which is then removed to the federal court.
 
 
 11
 Had the case not been removed, the California Code of Civil Procedure would have caused such a temporary restraining order issued ex parte to be extinguished in a maximum of 20 days; had the same order been issued originally in the federal court, it would have ceased to exist in the same period of time.
 
 
 12
 When such a case, with an outstanding restraining order issued and pending, is removed, it becomes subject to 28 U.S.C. Sec. 1450 which provides in pertinent part:
 
 
 13
 "All injunctions, orders, and other proceedings had in [a removed] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."
 
 
 14
 The majority of the court is of the opinion that the purpose of this section is to "prevent a break" in the continuity of a restraining order that "could otherwise occur" during the change from state to federal court. It would seem that if such were the purpose, the statute could have very simply said so. Or, the Congress could have provided that the restraint should not in any event continue in effect for a greater period of time than that provided by the state statute or the state court's order. It did not. It provided very simply, but very clearly, that all injunctions should remain in full force and effect "until dissolved or modified by the district court." It thus requires affirmative action on the part of one of the parties before it may be dissolved or modified. And if the district court refuses to dissolve it, the temporary restraining order issued ex parte remains in force until the case is tried on its merits and the temporary injunction or permanent injunction is granted or denied.
 
 
 15
 In this case the pleadings disclose that the employers, as plaintiffs, filed a complaint and then an amended complaint seeking relief against the defendant Union's alleged unlawful interference with its activities. The complaint sought a permanent injunction. It also asked for a temporary restraining order pending a hearing on an order to show cause and that a preliminary injunction be granted upon the hearing of the order to show cause to continue during the pendency of the action. The action was removed to federal court before the return date of the order to show cause in the state court. But the Union promptly filed a motion in federal court to dissolve the temporary restraining order and caused the motion to be brought to a hearing. The motion to dissolve was denied upon that hearing leaving the order of restraint against the Union in full force and effect. At this point the case was in exactly the same posture as it would have been had the order to show cause been heard and the preliminary injunction granted on that order pending a trial on the merits of the permanent relief. The temporary restraining order had been disposed of by hearing and decision. The order continuing the restraint was, in effect, a preliminary injunction pending a hearing on the merits. Morning Telegraph v. Powers, 450 F.2d 97, 99 (2nd Cir. 1971), cert. denied, 405 U.S. 954, 92 S.Ct. 1170, 31 L.Ed.2d 231 (1972); Appalachian Volunteers, Inc. v. Clark, 432 F.2d 530, 533 (6th Cir. 1970), cert. denied, 401 U.S. 939, 91 S.Ct. 936, 28 L.Ed.2d 219 (1971). Morning Telegraph, supra, points out that in applying the distinction between a temporary restraining order and a preliminary injunction,
 
 
 16
 "'. . . the label put on the order by the trial court is not decisive.' Wright, Federal Courts 459 (2d ed. 1970), quoted with approval in Belknap v. Leary, 427 F.2d 496, 498 (2d Cir. 1970). Here, the practical effect of the refusal to dissolve the temporary restraining order was the equivalent of a grant of preliminary injunctive relief. Peabody Coal Co. v. Barnes, 308 F.Supp. 902 (E,D,Mo.1969)." 450 F.2d at 99.
 
 
 17
 In Peabody Coal Co. v. Barnes, supra, the district court said, "[u]nder Section 1450, 28 U.S.C., the temporary restraining order issued by the state court remains in full force and effect after the removal until and unless dissolved by this Court." 308 F.Supp. at 903. In that case the temporary restraining order issued without notice remained in effect some two and one-half months without a request for a hearing.
 
 
 18
 Indeed, the California courts appear to follow the same reasoning. In Gray v. Bybee, 60 Cal.App.2d 564, 141 P.2d 32, 35 (1943), the court said:
 
 
 19
 "The granting or denial of a temporary restraining order is discretionary with the trial judge (14 Cal.Jur. 180, sec. 7) and amounts to a mere preliminary or interlocutory order to keep the subject of litigation in status quo pending the determination of the action on its merits. People v. Black's Food Store, 16 Cal.2d 59, 105 P.2d 361, 362; 14 Cal.Jur. 180, sec. 9."
 
 
 20
 It is asserted here that if the employers had wanted a preliminary injunction they could easily have sought one. They did seek one in their pleadings. After the trial court denied the motion to dissolve there was no reason for the employers to take the initiative. The restraint they sought had been obtained. Had the Union desired to litigate the merits of the trial court's refusal to dissolve the temporary restraining order, the Union could easily have done so, either by an appeal from the trial court's order, treating it as the grant of a preliminary injunction, see Morning Telegraph v. Powers, supra, or by bringing the case on for trial on the merits. It did neither.
 
 
 21
 The argument that to construe Section 1450 according to its plain language would somehow offend the policy of California and, therefore, the California time limitation should control, is difficult to follow. It is well established that once a case is removed from state court to federal court, questions of procedure are governed by federal law and not state law. For instance, the time in which to file an amended complaint is governed by federal law and not state law.
 
 
 22
 Mr. Justice Douglas said in Freeman v. Bee Machine Co., 319 U.S. 448, 452, 63 S.Ct. 1146, 1148, 87 L.Ed. 1509 (1943):
 
 
 23
 "The jurisdiction exercised on removal is original not appellate. [Com. of] Virginia v. Rives, 100 U.S. 313, 320 [25 L.Ed. 667]. The forms and modes or proceeding are governed by federal law. Thompson v. Railroad Companies, 6 Wall. 134 [73 U.S. 134, 18 L.Ed. 765]; Hurt v. Hollingsworth, 100 U.S. 100 [25 L.Ed. 569]; West v. Smith, 101 U.S. 263 [25 L.Ed. 809]; King v. Worthington, 104 U.S. 44 [26 L.Ed. 652]; Ex parte Fisk, 113 U.S. 713 [5 S.Ct. 724, 28 L.Ed. 1117]; Northern Pacific R. Co. v. Paine, 119 U.S. 561 [7 S.Ct. 323, 30 L.Ed. 513]; Twist v. Prairie Oil & Gas Co., 274 U.S. 684 [47 S.Ct. 755, 71 L.Ed. 1297]; Rorick v. Devon Syndicate [Ltd.], 307 U.S. 299 [59 S.Ct. 877, 83 L.Ed. 1303]."
 
 
 24
 Similarly, where a conflict exists between state rule and federal rule as to service of process in a diversity jurisdiction case, the federal rule applies. Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). See also, Seal v. Industrial Electric, Inc., 362 F.2d 788 (5th Cir. 1966). A federal court was not limited by a state 30-day rule to set aside a default judgment. Munsey v. Testworth Laboratories, Inc., 227 F.2d 902, 903 (6th Cir. 1955).
 
 
 25
 So, in this case I would hold that Section 1450 protects the restraining order during its removal trip and preserves it as it reaches its destination in the federal court. At that point federal procedural and statutory rules take control. Rule 65(b) Fed.R.Civ.P. would prevail over the state rule as to termination, and the "clear statutory command [of Section 1450] must take precedence over the arguably contrary rule of procedure [of Rule 56(b)]." Appalachian Volunteers, Inc. v. Clark, 432 F.2d 530, 533 (6th Cir. 1970).
 
 
 26
 I would therefore conclude that the temporary restraining order continued in existence as a preliminary injunction after hearing by the district court and its denial of the motion to dissolve the restraint. The order of contempt was not clearly erroneous and the judgment of the trial court should be affirmed.
 
 
 
 [1]
 Section 527 provides:
 "An injunction may be granted at any time before judgment upon a verified complaint, or upon affidavits if the complaint in the one case, or the affidavits in the other, show satisfactorily that sufficient grounds exist therefor. . . .
 "No preliminary injunction shall be granted without notice to the opposite party; nor shall any temporary restraining order be granted without notice to the opposite party, unless it shall appear from facts shown by affidavit or by the verified complaint that great or irreparable injury would result to the applicant before the matter can be heard on notice. In case a temporary restraining order shall be granted without notice, in the contingency above specified, the matter shall be made returnable on an order requiring cause to be shown why the injunction should not be granted, on the earliest day that the business of the court will admit of, but not later than 15 days or, if good cause appears to the court, 20 days from the date of such order. When the matter first comes up for hearing the party who obtained the temporary restraining order must be ready to proceed and must have served upon the opposite party at least two days prior to such hearing, a copy of the complaint and of all affidavits to be used in such application and a copy of his points and authorities in support of such application; if he be not ready, or if he shall fail to serve a copy of his complaint, affidavits and points and authorities, as herein required, the court shall dissolve the temporary restraining order. The defendant, however, shall be entitled, as of course, to one continuance for a reasonable period, if he desire it, to enable him to meet the application for the preliminary injunction. The defendant may, in response to such order to show cause, present affidavits relating to the granting of the preliminary injunction, and if such affidavits are served on the applicant at least two days prior to the hearing, the applicant shall not be entitled to any continuance on account thereof. . . ."
 We recognize that, under state law, the temporary restraining order would have expired on the specified return date, May 26, 1970. (E. g., Sharpe v. Brotzman (1956) 145 Cal.App.2d 354, 302 P.2d 668.) But we assume that the Union would have moved the state court to dissolve, as it did in the federal court, and that there would possibly have been continuances of the return date within the 20-day maximum permitted by statute.
 
 
 [2]
 Rule 65(b) provides:
 "A temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting his claim that notice should not be required. Every temporary restraining order granted without notice shall be indorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be entered of record. In case a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence of all matters except older matters of the same character; and when the motion comes on for hearing the party who obtained the temporary restraining order shall proceed with the application for a preliminary injunction and, if he does not do so, the court shall dissolve the temporary restraining order. On 2 days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require."
 For the purpose of this discussion we assume, arguendo, but we do not decide that Union's motion to dissolve was a consent to hold the matter in status quo until the motion could be decided and that it was, to that extent, a consent to an extension of the order within the exception to Rule 65(b).